## John F. Gordon v. The State.[1]

1. Officers of the Law—Neglect of Duty.—The Code of this state makes it a penal offense for any "officer of the law" (to wit, any magistrate, peace officer, or clerk of a court) to fail, either willfully or negligently, to perform any duty imposed on him by either the Penal Code or the Code of Criminal Procedure; and for any such failure, not otherwise defined and punished, he is deemed guilty of misdemeanor, and amenable to a fine of not more than $200.

2. Sheriffs are peace officers, and "officers of the law;" and among the duties imposed upon them by law is that of exercising a supervision and control over the jails of their respective counties.

3. Indictment of Sheriff as Jail-keeper.—An indictment is sufficiently specific which, in plain and intelligible words, charges a sheriff with neglect and failure to exercise over the jail of his county such supervision and control as the law requires him to exercise.

4. Surplusage.—Redundant allegations in an indictment, not matter of description, are regarded as surplusage.

5. Practice in Misdemeanors.—The charge of the court below in a misdemeanor case is not revisable in this court unless it was duly excepted to when given.

Appeal from the District Court of Guadalupe. Tried below before the Hon. John P. White.

The opinion discloses the case. The trial below was in July, 1875.

[1] White, J., did not sit in this case.

*W. E. Goodrich*, for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J.   The indictment charges that John F. Gordon, in the county of Guadalupe, on June 26, A. D. 1875, "Did then and there unlawfully and negligently fail to exercise a supervision and control over the county jail of said county, he, the said John F. Gordon, being then and there the sheriff of said county, namely : he the said John F. Gordon did then and there, on said day, and divers days just before said day, wholly fail and neglect to enter said jail and examine the same, and did then and there wholly neglect and fail to examine into the manner of keeping the prisoners confined in said jail, and did wholly fail and neglect to see that proper precautions were taken to prevent the escape of said prisoners, so that fifteen prisoners were then and there kept in said jail without being ironed, and without a guard around said jail, so that on said day, by the failure and neglect aforesaid by the said John F. Gordon as aforesaid, one George Middleton, then and there legally confined in said jail, on accusation of theft of a mare, and fourteen other persons then and there legally confined in said jail on accusations of felonies, did then and there and thereby escape from jail and flee from custody, and that said prisoners were then and there enabled to, and did, escape on account of, and by reason of, said neglect and failure as aforesaid, against the peace and dignity of the state."

The legal sufficiency of this indictment is called in question by a motion in arrest of judgment, wherein the following objections thereto are made, viz. :

"No offense known to the law is charged in the indictment ; the indictment charges only in the abstract, and not

in the concrete; the indictment does not charge against the defendant any specific act or omission of default, but only general allegations of failure to supervise and control the county jail."

In order to determine whether these objections are well taken or not, let it be briefly noted that, by law, " each sheriff is the keeper of the jail of his county, and responsible for the safe keeping of all prisoners committed to his custody; that the sheriff may appoint a jailer to take charge of the jail and supply the wants of prisoners therein confined, and the person so appointed as jailer is responsible for the safety of prisoners, and liable to punishment, as prescribed by law, for negligently or willfully permitting a rescue or escape." And following immediately after the provision last set out, and in the same Article, we find this further provision, to wit: 'But the sheriff shall in all cases exercise a supervision and control over the jail.'" Code of Cr. Proc., Arts. 37, 40 (Pasc. Dig., Arts. 2504, 2507).

By the act approved March 5, 1863, the following was ingrafted into the Penal Code as an amendment to Article 349: " Whenever, in the Penal Code or Code of Criminal Procedure, it is declared that an officer is guilty of an offense on account of any particular act or omission, and there is not in the Penal Code any punishment assigned for the same, such officer shall be deemed guilty of a misdemeanor, and shall be fined not exceeding two hundred dollars." Pasc. Dig., Art. 1976.

And by the act of May 28, 1864, passed at the called session of the tenth legislature, the following additional Article was added as " Article 348 a. If any officer of the law shall willfully or negligently fail to perform any duty imposed on him by the Penal Code or Code of Criminal Procedure, he shall, when the act or omission is not otherwise defined, be deemed guilty of a misdemeanor, and punished as prescribed in Article 349 of this Code." Pasc. Dig., Art. 1975.

Treating these several provisions of the Code as *in pari materia*, and construing them together, we find that the law makes it incumbent on the sheriff, in all cases, to exercise a supervision and control over the jail of his county. This supervision and control would make it incumbent on him to do or cause to be done at least all that is required of the jailer by the Article above quoted, namely, to take charge of the jail and supply the wants of prisoners therein confined, and neither willfully nor negligently permit a rescue or escape; and also the performance of the duties imposed by Article 2504, when the act or omission is not otherwise defined and punished by the Code, as, for instance, permitting the escape of prisoners committed to his charge under circumstances specially made penal under other provisions of law.

And it is made penal for any officer of the law to either willfully or negligently fail to perform any duty imposed upon him by either the Penal Code or the Code of Criminal Procedure; and, whenever such failure or neglect shall not be otherwise defined, with a punishment affixed, such officer of the law shall be deemed guilty of a misdemeanor, and be fined in any sum not to exceed $200.

Testing the sufficiency of this indictment by these rules, it must be held sufficient to charge the accused with the misdemeanor set out in the statute; and that a negligent failure to exercise a proper supervision and control over the jail of his county, by the sheriff of the county, is a misdemeanor for which he is liable under the law to be tried and fined not exceeding $200; and that the indictment herein does charge the specific act of negligence, to wit, a failure to exercise such supervision and control over the jail of his county as the law requires at his hands. To hold otherwise, we would be compelled to disregard and set at naught the plain mandate of the law, which imposes

upon him that very duty in language too plain to be misunderstood.

The gravamen of the offense charged is the neglect to discharge an official duty imposed by law, and which is denominated *malfeasance in office*, agreeably to Article 350. Pasc. Dig., Art. 1977.   An officer of the law is any magistrate, peace officer, or clerk of a court.   Penal Code, Art. 351 (Pasc. Dig., Art. 1798).   A sheriff is a peace officer.   Code Cr. Proc., Art. 53 (Pasc. Dig., Art. 2520).

The indictment elaborates more than was necessary to set out the offense charged.   The legal effect of this is that, in so far as the redundancy consists in setting out more than was necessary merely, the redundance will, on appeal, be treated as surplusage.    But, when the redundance is descriptive of the offense, the description must be proved as alleged.   *Rose* v. *The State*, 1 Texas Ct. of App. 400.

It is charged and proved that the accused was, at the time the offense is alleged to have been committed, sheriff of Guadalupe county.   It is alleged and proved that he neglected to exercise supervision and control over the jail of the county.   The law made it his duty to exercise supervision and control over the jail, and, having neglected and failed to discharge a duty imposed by law, he became liable to indictment, and, on conviction, to a fine of not exceeding $200.

It is complained in the motion for a new trial, and insisted in argument, that the court below erred in its charge to the jury.   Whether a new trial should be granted in the court below, or the judgment be reversed on appeal or not, on account of error in the charge of the court, depends on the question whether the error, if committed, was calculated to injure the rights of the accused or not.   In *Bishop* v. *The State*, 43 Texas, 401, Roberts, C. J., in delivering the opinion of the supeme court, says:

" In this court, on appeal, as well as in the district court,

on motion for new trial, a material misdirection of the law as applicable to the case, calculated to mislead the jury, would be error justifying and requiring a reversal; and a failure to give in charge to the jury the law which was required by the evidence in the case, and which failure was to the extent to be calculated to injure the rights of the defendant, would be a material error, justifying and requiring a reversal on appeal." In that case it was further said there was evidence requiring that a charge which had been refused should have been given.

We find in this case no bill of exceptions pointing out the error complained of, nor any additional charges asked. It is not apparent from the evidence that the charge was subject to the objection urged. It is not perceived how the charge could have affected the rights of the accused injuriously, and, being a misdemeanor, the practice would have required an exception taken at the time, by regular bill of exceptions, to warrant an examination on appeal.

Taking the charge as a whole, which we must do in considering it on appeal, it seems to have been a fair charge as to the law of the case as made by the evidence. The other grounds in the motion for new trial are deemed untenable.

There is nothing novel in the idea that an officer of the law is liable to indictment and punishment for neglecting to discharge a duty imposed on him by the plain provisions of the law, as will be seen by an examination of common-law authorities, and the statutes and decisions of the various states of the American confederation.

We see no error in the judgment.

*Affirmed.*