TOBE HAMPTON *v.* THE STATE.

1. PRACTICE — POSTPONEMENT OF TRIAL. — In a prosecution for felony, the case was called at noon, when both parties announced ready for trial, and the case was set for hearing in the evening session; when it was discovered that other business had priority, and, on motion of the county attorney, the case was further postponed, and set for the first trial on the succeeding day.  When called accordingly, the principal witness for the State was absent, and, upon motion of the county attorney, a further postponement for a reasonable time to allow the witness to reach the court-house, was granted, over the objections of defendant.  The *scire facias* docket was taken up and disposed of, and then the witness was again called, and, not answering, a forfeiture was taken on his attachment-bond, and an *alias* attachment, returnable *instanter*, was taken.  The witness appearing during the day, the trial was had.  *Held,* that this direction of the business of the court was not error.

2. EVIDENCE. — The general rule is, that the declarations of a defendant charged with theft, made at the time the stolen property is first found in his possession, may be given in evidence, and, if he gives a reasonable and satisfactory account of his possession, it devolves upon the State to prove

its falsity. But the admission of such declarations must be limited to the time when he is first found in possession, or when he first ascertains that his right is questioned. He cannot be permitted to introduce his declarations made before an adverse claim is set up or suspicion attached to his possession.

8. INDICTMENT — ALLEGATA. — Unnecessary descriptive allegations do not vitiate an indictment, but must be proved.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. Lewis.

The conviction was for theft of a horse-colt, and the punishment was assessed at five years in the penitentiary, at hard labor.

The principal question of interest in this case is the refusal of the court to permit the witness Jones to detail the declarations of the appellant as to his possession of the colt, in reply to questions propounded in regard thereto by witness.

*Fry & Davidson*, for the appellant. The court erred in not permitting the witness John Jones to testify in regard to what the defendant said in regard to his possession of the colt or horse alleged to have been stolen:

1. Because the State had already elicited from the witness Jones the evidence of a trade made between himself and defendant for this colt, setting forth what he had traded defendant for the colt. Then, of course; defendant was entitled to all that was said by witness and himself, and all that occurred at said trade in relation to the horse or colt. Pasc. Dig., art. 3129. Defendant was entitled to his declarations made at the time of the trade. 2 Texas Ct. App. 388, 535 ; 3 Texas Ct. App. 54, and authorities therein cited.

Defendant was entitled to give by this means his account of his possession, and, if reasonable, it must be disproved by the State. 26 Texas, 211.

The court should have permitted witness M. B. Hampton

to testify to the authority defendant had to control Blackwell's horses; and if Hampton heard Blackwell authorize defendant, or carried a message from Blackwell to defendant authorizing him to gather his (Blackwell's) horses, he (Hampton) should have been permitted to testify to this fact. This would have been good to show any criminal intent, or want of it. The court held this authority must be in writing. If evidence of a verbal sale or purchase is good to show a want of criminal intent, it is certainly so in this case. See 40 Texas, 31.

Verbal authority to govern or control and gather stock is sufficient to exonerate from crime. 40 Texas, 74, 75.

We also call attention to the remarks made by the court before the jury, as set out in the bill of exceptions, that " if Mr. Blackwell did authorize defendant to gather his horses, that did not authorize defendant to take Mr. Houston's horse." The courts, in deciding questions of evidence, or objections thereto, have no authority to comment upon the testimony, or make remarks calculated to injure a defendant's rights.

The court erred in the third subdivision of his charge. There was no evidence of any circumstances, before the jury, to be taken in connection with the recent possession of this colt or horse. Jones testified that in the summer of 1874 he traded with defendant for this colt, and Houston testified that said colt was taken in April, 1874. This, in short, is the whole case of theft made out by the State. We think this charge is upon a supposed statement of facts that was not before the jury. The court assumed there were certain circumstances, beside recent possession, in evidence before the jury, which is or was a false assumption, and then charged upon the weight of the testimony. 2 Texas Ct. App. 183 ; 23 Texas, 201.

The motion in arrest of judgment should have been sustained, because there must be a specific crime charged. It

must be a colt or a horse.    Pasc. Dig., art. 2409 ; 28 Texas, 644.    The verdict and judgment are insufficient.

*Thomas Ball*, Assistant Attorney-General, for the State.

Ector, P. J.    The defendant was indicted, tried, and convicted for the theft of a horse-colt, the property of one Robert A. Houston.    The defendant made a motion for new trial, and also a motion in arrest of judgment, both of which were overruled, and the case has been brought by appeal to this court.

The proof shows that the colt was missing from its accustomed range, near the home of its owner, in Gonzales County, about the month of April, 1874, and that it was traded by the defendant to John Jones in the summer of 1874.

The first assignment of error is, that " the court should not have postponed the trial after announcement by both parties, and the forfeiture of R. A. Houston's bond, as per bills of exceptions Nos. 1 and 2.''

In said bills of exceptions it appears that at the fall term of the District Court of Gonzales County this case was regularly called in the forenoon of said day, when both parties announced ready for trial.    It then being about twelve o'clock, the case was set for the first thing in the afternoon.    In the afternoon, there having been another cause set for the same hour, this case was reset for the first thing on Thursday morning.    The court met on Thursday morning at half-past eight o'clock, when the counsel for the State announced the absence of the principal witness for the State, to wit, Robert A. Houston, and asked that the cause be further postponed for a reasonable length of time to allow the witness time to reach the court, before being required to announce ; which request was granted, over the objections of the defendant.    The *scire facias* docket

was then taken up and considered until a quarter-past nine o'clock, when the case was again called for trial; whereupon, the witness Robert A. Houston being again called, on the motion of the county attorney, a forfeiture was taken as to the witness Houston on his attachment-bond, and an *alias* attachment was issued by the court for said witness, returnable *instanter*, and a further postponement granted until said witness could be found, or until the close of the day.

During all this time, the defendant was insisting on a disposition of the cause for the term. The witness Houston was brought into court during the day the *alias* attachment was issued for him, and the parties then went to trial.

We do not believe that the court acted improperly in thus directing the business of the court, or that any injustice was done to the defendant by postponing the case to secure the attendance of the witness Houston. It is not pretended that any of the defendant's witnesses had absented themselves after his announcement of readiness for trial, or that he asked for a continuance on account of any absent witness.

The defendant contends that the court erred in not permitting the witness John Jones to testify as to what defendant said in regard to his possession of the colt alleged to have been stolen, as set out in his bill of exceptions No. 3.

The county attorney called John Jones as a witness for the prosecution, and proved by him that he bought the horse-colt in question from Tobe Hampton, the defendant; and on the cross-examination, defendant's counsel asked the witness Jones what defendant said in regard to the colt he was trading to witness, — how he, the defendant, said he came in possession of said colt. He then asked the witness if defendant said anything, at the time of sale or purchase of the colt, about his authority to gather the horse-property of John Blackwell, running in Gonzales County, on the west side of the river, and, if so, what it was; and whether or not defendant told witness that the colt he then was offering to

trade was the property of John Blackwell, and that he (defendant) would see Mr. Blackwell and get the colt from him, and trade it to witness; to all of which the county attorney objected, and the court sustained his objection; and to which ruling the defendant objected, and took a bill of exceptions.

This action of the court in sustaining the objections of the county attorney to the evidence offered presents to us the most difficult question in the entire record.

The declarations of a defendant charged with theft, made at the time the stolen property is first found in his possession, may be given in evidence by him; and, if he give a reasonable and satisfactory account of his possession, as a general rule it devolves on the State to show that his account is false. It is often difficult to determine as to the admissibility or exclusion of such declarations. It is safer, if there be a question of doubt or uncertainty, to solve the doubt by ruling in favor of the accused. In the case at bar, we believe that the District Court acted right in not permitting the witness Jones to answer the questions under consideration, which were asked him by counsel for the defendant.

The rule of evidence which allows such declarations to be given in evidence by the accused is limited to the time and to declarations made by him when he is first caught in possession of the stolen property, — when he first ascertains, or it is made apparent to him, that his right to the ownership of said property is questioned by some one else. The declarations of a defendant when first caught, or found in the possession of the stolen property, — when he is first approached, and feels called upon to explain the nature and extent of his possession, and how he came by the stolen property, — are admissible in evidence, either for or against him.

This rule of evidence, however, does not permit a defend-

ant on trial for theft to introduce his own declarations, made when first seen in possession of stolen property, as to how he came by it, before any adverse claim to the property is set up, and before any suspicion rests upon him of being the thief.

The remarks of the judge who presided at the trial, to which the defendant took the fourth bill of exceptions, were but reasons given by the presiding judge, to counsel, for his rulings upon objections to evidence, and no injury could possibly have resulted from such remarks as were made by him to the defendant's counsel. As was said by this court in the case of *Davis* v. *The State*, 3 Texas Ct. App. 101, "A judge cannot be too careful in avoiding remarks relating to the evidence, or tending in the slightest degree to convey to the jury his opinion of the evidence offered by either party."

The case was fairly submitted to the jury in the charge of the court. The evidence is sufficient to sustain the verdict of the jury.

The grounds set forth in defendant's motion in arrest of judgment are not well taken. The indictment charges the defendant with a specific offence, to wit, the theft of a colt. The allegation that the animal was a *horse*-colt was an unnecessary descriptive allegation, but the State proved that the property taken was of the description set out in the indictment. Unnecessary descriptive allegations do not vitiate an indictment, but must be proved. *Warrington* v. *The State*, 1 Texas Ct. App. 173; *Soria* v. *The State*, 2 Texas Ct. App. 298; 1 Bishop's Cr. Proc., sec. 485.

Finding no error in the record which would justify this court in reversing the case, the judgment is affirmed.

*Affirmed.*