R. L. WELLS v. STATE.

No. 1890. Decided October 30, 1912.

Rehearing denied November 20, 1912.

Embezzlement—Appeal Bond—Trial Judge—Special Judge—Custody.

Where the appeal bond allowed in a felony case was not approved by the judge who tried the case, but a special judge who had not tried the same, the same under Article 904, Revised Code Criminal Procedure, was void, and the appeal must be dismissed: the appellant not being in custody.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James P. Alexander* and *W. L. Eason,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of embezzlement and allotted two years in the penitentiary by the verdict of the jury.

After his appeal was consummated he entered into an appeal bond under the terms of Art. 904 of the Revised Code of Criminal Procedure, the bond was properly approved by the Sheriff of McLennan County, but was not approved by the Judge who tried the case, Judge Monroe, but was approved by Judge Oltorf, signing himself as special Judge of the Fifty-fourth Judicial District of Falls County. The law requires that the Judge who tried the case shall approve the bond. See Art 904, supra. This would render the appeal bond insufficient and not in compliance with the statute. Appellant was released from custody on this bond. Under the law, as it is, the bond being insufficient, this appeal will be dismissed, and it is accordingly so ordered.            *Dismissed.*

[Rehearing denied December, 1912.—Reporter.]