## T. J. HUGHES v. THE STATE.

### No. 3829.   Decided November 24, 1915.

**1.—Theft of Horse—Suspended Sentence—Presumption of Guilt.**

Where, upon trial of theft of a horse, there was no contention made by the State that the filing of an application for a suspension of sentence created any presumption of guilt, there was no error in the court's failure to instruct thereon.

**2.—Same—Alibi—Charge of Court.**

Where, upon trial of theft of a horse, the evidence did not raise the issue of an alibi, there was no error in the court's refusal to submit a charge thereon, the court having charged on circumstantial evidence, and actual taking of the animal, and reasonable doubt.

Appeal from the District Court of Johnson.   Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of theft of a horse; penalty, two years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of a horse from J. W. Hayes, and his punishment assessed at two years confinement in the State penitentiary.

Appellant filed an application for a suspension of sentence, and the plea was properly submitted to the jury in the court's charge.   Appellant requested the court to instruct the jury that the filing of the plea creates no presumption of guilt against defendant.   There was no necessity to give such charge as there was no contention made by the State that the filing of such a plea created any presumption of guilt. Had such a contention been made, it would have been proper for the court to have so instructed the jury.

The appellant also requested the court to charge on alibi.   The evidence raises no such issue.   There is no testimony from defendant as to his whereabouts on the night of the theft.   He admits that he rode the horse, for which the stolen horse was traded, into Fort Worth, and sold the saddle that was stolen at the time of the theft of the horse. He does not undertake to show his whereabouts on the night of the theft, but denies that he was at the drug store of Mr. Mothershed, in three miles of the place where the horse was stolen, on that night.   The State's evidence places him at this drug store and this would place him in proximity to the place from where the horse was stolen; Mr. Souther positively identified him as the man who traded to him the stolen horse, and says he traded to appellant the horse he rode into Fort Worth, and which appellant says a man named Noland got him to ride into Fort Worth.   The court gave a full and fair charge on circumstantial

evidence, and one to which appellant did not reserve any exception. He also instructed the jury at appellant's request: "If you believe from the evidence that the horse in controversy was actually taken from the possession of the witness Hays by one Noland, or if you have a reasonable doubt of that fact, then you will acquit the defendant." In addition, he gave the usual and customary charge on reasonable doubt and presumption of innocence.

The judgment is affirmed.

*Affirmed.*