### HENRY CHUMLEY v. THE STATE.

No. 4904. Decided February 13, 1918.

**Local Option—Appeal Bond.**

Under article 904, C. C. P., an appeal bond must be given in the amount fixed by the court as well as the sheriff, and unless it be approved by the court it is insufficient, and the appeal must be dismissed. Following Wells v. State, 68 Texas Crim. Rep., 277, 150 S. W. Rep., 1163, and other cases.

Appeal from the District Court of Sabine. Tried below before the Hon. W. T. Davis.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted for a felony, on the charge by indictment, for the unlawful sale of intoxicating liquor.

The Assistant Attorney General, on behalf of the State, has filed a motion to dismiss the appeal because of the insufficiency of the appeal bond. There is found in the record an appeal bond in the sum of $2000 which is approved by the sheriff. The statute, article 904, Code of Criminal Procedure, requires that the bond shall be given in an amount to be fixed by the court as well as the sheriff. It has been held that unless a bond shows the approval of the court it is insufficient and will necessitate a dismissal of the appeal. Wells v. State, 68 Texas Crim. Rep., 277, 150 S. W. Rep., 1163; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053.

In view of the record and the authorities the motion to dismiss is sustained.

*Dismissed.*