Criminal law ⊚⟾531(2)—Evidence held admissible as bearing upon voluntary character of confession.

Evidence, in a prosecution for soliciting, as to the alleged rough conduct of the officer, and other circumstances connected with the making of confessions, *held* admissible as bearing upon the voluntary character of the confession.

Appeal from Wichita County Court, at Law; Guy Rogers, Judge.

George Floyd was found guilty of soliciting, and appeals. Reversed and remanded.

S. Heyser, E. P. Walsh, and H. D. Bishop, all of Wichita Falls, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Appellant is condemned to pay a fine of $50 and suffer confinement in the county jail for a period of 30 days for the offense of soliciting.

The appellant was an employee of the Kemp Hotel. It is the state's theory that he conducted a woman, who was a guest of the hotel, to the room of a man, who was also a guest, for immoral purposes. Appellant was arrested by a hotel detective. This detective described the appellant's conduct and testified to a declaration, which was used as an admission of guilt. The state also introduced in evidence the written confession of the appellant which, in substance, was that he was a bell boy in the hotel; that a white woman in the hotel asked him if a girl could make any money there; that he told her that Mr. Johnson would not permit it. Later in the day, a man in one of the rooms of the hotel asked the appellant to tell the woman in a certain room to come to his room. The appellant showed the woman where the man's room was. She entered the room, and Johnson, the officer, immediately knocked upon the door. When it was opened, she was sitting on the bed in the room in which there were two men. Johnson, the officer, who arrested the appellant, was present at the time the written confession was taken and testified to its authenticity. He also signed it as a witness.

The appellant controverted by his testimony the confession and its voluntary char-

acter. He offered proof that before he made the confession, the woman in the case was, in his presence, very roughly handled by the arresting officer; that the arresting officer sought to force a confession of each of them and that they each denied any criminal act; that this occurred immediately after the arrest and while they were still in the hotel, that the officer wrenched the arms of the woman, causing blood to run from her wrist, and jerked her downstairs and exhibited her to the public, thereby causing her pain and humiliation. We think this testimony was admissible under all of the facts in the case as bearing upon the voluntary character of the declaration which the appellant made, according to the arresting officer Johnson, in his presence, and also as bearing upon the voluntary character of the written confession. The alleged conduct of the officer was one of the circumstances connected with the making of the confession in both instances. On the issue touching the voluntary character of the confession, the accused was entitled to have the jury informed touching all of the immediate circumstances which were calculated to influence the accused in making the confession. In excluding the proffered evidence the court fell into error. Williams v. State, 88 Tex. Cr. R. 87, 225 S. W. 177.

No prosecution was established against the woman, and the evidence against the appellant is more or less inconclusive.

The judgment is reversed, and the cause remanded.

---

### GOLLE v. STATE. (No. 7337.)

(Court of Criminal Appeals of Texas. Jan. 17, 1923.)

Bail ⊚⟾70—Appeal dismissed where appeal bond is approved by sheriff only.

In view of Code Cr. Proc. 1911, art. 904, where an appeal bond is approved by the sheriff only, when it should also be approved by the trial judge, the appeal will be dismissed.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Joe Golle was convicted of manufacturing whisky and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. From a conviction for manufacturing whisky, with penalty of three years in the penitentiary, this appeal is prosecuted.

The appeal bond is approved only by the sheriff, when it should also be approved by the trial judge; for this reason the state has filed a motion to dismiss the appeal. The following authorities support the motion. Article 904, C. C. P.; Chumley v. State, 83

---

Tex. Cr. R. 54, 201 S. W. 176; King v. State, 83 Tex. Cr. R. 304, 203 S. W. 52; Johnson v. State, 83 Tex. Cr. R. 376, 203 S. W. 903; Gray v. State, 88 Tex. Cr. R. 1, 224 S. W. 513.

The appeal must be dismissed.