JAMES HENDLEY v. THE STATE.

No. 7100.   Decided March 7, 1923.

1.—Manufacturing Intoxicating Liquor—Indictment—Precedent.

Where, upon trial of unlawfully manufacturing intoxicating liquor, defendant moved to quash the indictment, and all the questions raised therein having been settled adversely to the defendant's contention, the same were properly overruled.

**2.—Same—Confession—Practice on Appeal.**

Where the confessions of appellant were according to the requirements of the statute, there was no error in introducing them in evidence, besides no objection was raised during the trial.

**3.—Same—Evidence—Tasting Liquor—Practice in Trial Court.**

There was no error in permitting a witness in the presence of the jury to taste the liquor found by the officer, and to testify that the same was intoxicating.

**4.—Same—Suspended Sentence—Charge of Court.**

Where defendant filed an application for a suspended sentence which was properly submitted to the jury, the refusal of the requested charge that the filing of the application should not be considered as any evidence of guilt is not reversible error in the instant case as defendant admitted his guilt.

**5.—Same—Spiritous and Vinous Liquor.**

Where defendant raised the question that the liquor was not spiritous or vinous but malt liquor, and did therefore not support the allegations in the indictment, but the evidence showed that the liquor was made by the process of distillation, there was no merit in this contention.

**6.—Same—Charge of Court—Requested Charges—Sufficiency of the Evidence.**

Where, upon trial of manufacturing intoxicating liquor, the evidence supported the conviction under a proper charge of the court, and there is no reversible error.

**7.—Same—Rehearing—Allegations and Proof.**

Where the liquor described in the indictment as spiritous and vinous capable of producing intoxication, and the evidence supported this allegation, there is no reversible error.

Appeal from the District Court of Coleman. Tried below before the Hon. J. O. Woodward.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year and six months imprisonment in the penitentiary.

The opinion states the case.

*Baker & Weatherred* for appellant.—Cited on question of tasting liquor, Tamaya v. State, 230 S. W. Rep., 146.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS, JUDGE.—Appellant and Dan Cotton were charged in separate indictments with the manufacture of spirituous and vinous liquor capable of producing intoxication. The offense is alleged to have been committed about December 1, 1921. Upon conviction appellant's punishment was fixed at one year and six months confinement in the penitentiary.

Motion to quash the indictment contained four grounds: (a) That

it failed to negative the exceptions; (b) that it failed to allege the manufacture was for sale; (c) that it did not allege the liquor was for personal use; (d) that the law under which it was drawn was in conflict with the Volstead Act. All these questions have been settled adversely to appellant's contentions so positively and frequently we deem it unnecessary to again cite the authorities.

Appellant and Cotton lived on a farm owned by John Pearce. He and the constable went to the house where they lived, and in a cellar recently dug found a fifty gallon barrel half full of mash, two gallons of corn whisky, a five gallon copper still and worm. Both negroes admitted to the officers that the apparatus belonged to them, and that they had made the whisky on the still from corn meal, yeast, water and sugar. These statements to the officer were admitted without objection.

A confession in writing from appellant Hendley was introduced in evidence. Objections were made that it showed no warning as required by law. An inspection of the confession fails to bear out the objection. It shows upon its face the proper warning. Appellant testified but made no issue on the question.

No error occurred in the court permitting a witness in the presence of the jury to taste the liquor found by the officer, and to testify that same was intoxicating. The cases cited by appellant, Dane v. State, 36 Texas Crim. Rep., 87, 75 S. W. Rep., 80, and Brown v. State, 92 Texas Crim. Rep., 147, 242 S. W. Rep., 218, do not support his assignment. In each of them the jurors were permitted to taste the liquor.

Appellant filed an application for suspended sentence, which issue was properly submitted to the jury. The refusal of a special charge instructing them that the filing of the application should not be considered as any evidence of guilt, is assigned as error. Such charge is appropriate under certain circumstances, (Campbell v. State, 84 Texas Crim. Rep., 89, 206 S. W. Rep., 348; Hughes v. State, 78 Texas Crim. Rep., 154, 180 S. W. Rep., 259), but we know of no authority holding its refusal to call for a reversal under facts similar to those presented in the instant record. Appellant admitted his guilt to the officer at the time of arrest, and again in a written confession, and declined to deny guilt when upon the witness stand. There was no issue raised by the evidence upon that point, and we fail to discover how under such conditions the refusal of the charge could have in any way been hurtful.

Appellant raises the question that the liquor was not spirituous or vinous, but asserts the same was malt liquor, and therefore that the allegation in the indictment is not supported. The evidence leaves no doubt as to how the liquor was manufactured, nor as to the materials used therein. We quote from Black on Intoxicating Liquors, Chapter 1, Sec. 6:

"This term, (malt liquors) it is said embraces porter, ale, beer and the like, which are the result or products of a process by which grain, usually barley, is steeped in water to the point of germination, the starch of the grain being converted into saccharin·matter, which is kiln dried, then mixed with hops, and by a further process of brewing made into a beverage."

Examination of previous sections of the same chapter shows that "spirituous liquor" is that made by the process of distillation. The liquor in question here was distilled liquor; hence there is no merit in the contention made.

We have considered the objections to the charge of the court, and the complaints at refusal of special charges presented in bills of exception Nos. 4, 5, 7, 8, 9 and 10, and find no error.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 25, 1923.

MORROW, PRESIDING JUDGE.—The liquor is thus described: "spirituous and vinous liquors capable of producing intoxication." If the proof had shown that the liquor in question was malt liquor, or had failed to show that it was spirituous liquor, a different question would be presented, but the facts are sufficent to sustain the finding that the liquor was spirituous liquor.

No new questions are found in the motion. Our review of the record leaves us of the opinion that the proper disposition was made of the case in the original opinion. The motion is overruled.

*Overruled.*