DAN COTTON v. THE STATE.

No. 7101. Decided March 7, 1923.

Rehearing Denied May 16, 1923.

**1.—Manufacturing Intoxicating Liquor—Companion Case.**

Where the legal questions raised were identical and called for the same disposition here as in the companion case, and the facts are the same, there is no necessity for an additional discussion, and the judgment is affirmed.

**2.—Rehearing—Indictment—Sufficiency of Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the indictment followed approved precedent, the same is sufficient and the facts supporting the allegations therein, there is no reversible error.

**3.—Same—Argument of Counsel—Requested Charge.**

Where the bills of exceptions to the refusal of requested charges did not show in what connection the language of the prosecuting attorney was made, there is no reversible error.

Appeal from the District Court of Coleman. Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

*Baker & Weatherred,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS, Judge.—Conviction is for the manufacture of intoxicating liquor, with punishment. of one year in the penitentiary.

This is a companion case to No. 7100, James Hendley v. State, this day decided. The legal questions raised are identical, and call for the same disposition here as in that case. The facts are the same. No necessity exists for additional discussion.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 16, 1923.

LATTIMORE, Judge.—But two questions are urged in appellant's motion. The first relates to the insufficiency of the indictment. The indictment in this case is exactly similar to the one in cause No. 7100, Hendley v. State, heretofore decided by us. We think the indictment sufficient and especially so in view of the proof in this case. Appellant was charged with the manufacture of spirituous and vinous liquors capable of producing intoxication, and the testimony showed him to have been found in possession of a complete still, a number of barrels of mash and quite a quantity of whisky which he admitted had been made by him and Hendley with said still.

The other question relates to the argument of the district attorney in which he referred to the suspended sentence law as a joke. The bill of exceptions purports to contain a requested charge asking the jury not to consider said remarks, but an inspection of the special charge which is contained in said bill of exceptions shows that it is in nowise pertinent to said remarks, nor can it be considered a special charge in reference thereto. While we would not think it proper for an attorney in a criminal case to ridicule or make light of a law, the application of which was invoked in the case on trial, still the bill of exceptions complaining of this matter does not show in what connection the statement of the prosecuting attorney was made or what preceded it in the argument of appellant, nor are we apprised of the surroundings or setting of said argument. No special charge was asked instructing the jury not to consider said argument.

In the condition the record is before us we do not believe same shows any error to have been committed, and the motion for rehearing will be overruled.

*Overruled.*