### T. L. TOLAR v. THE STATE.

No. 8185. Decided March 26, 1924.

Rehearing denied April 16, 1924.

**1.—Manufacturing Intoxicating Liquor—Appeal Bond.**

Where the appeal bond was not properly approved by the trial judge the same is insufficient. However, it appearing that the defect had been corrected, the case will be heard upon its merits.

**2.—Same—Liquor Law—Manufacture.**

Under proper allegations under the present liquor law one may be charged with an offense for making almost any character of liquor or mixture which is intoxicating, or which contains more than 1% of alcohol, and where the indictment alleged that defendant manufactured spirituous, vinous, and malt liquors, capable of producing intoxication, the same is sufficient.

**3.—Same—Insufficiency of the Evidence—Descriptive Allegations.**

The State being bound by the descriptive allegations in the indictment as to the particular kind of liquor accused was charged with manufacturing, and the evidence failed to meet them, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Potter. Tried below before the Hon. Henry S. Bishop.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. W. Culwell*, for appellant.—Cited: Hardaway v. State, 90 Texas Crim. Rep., 485; Young v. State, 88 Texas Crim. Rep., 402; Helton v. State, 94 id., 359.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with punishment of one year in the penitentiary.

Appellant seeks enlargement from custody pending appeal upon a bond purported to have been executed in conformity to Article 904 or our C. C. P. The bond is approved by the sheriff only. It

fails to also have the approval of the trial judge. In this respect it is defective, and no jurisdiction was conferred upon this court by reason thereof. See Article 904 C. C. P., Chumley v. State, 83 Texas Crim. Rep., 54, 201 S. W., 176; King v. State, 83 Texas Crim. Rep., 304, 203 S. W., 52; Johnson v. State, 83 Texas Crim. Rep., 376, 203 S. W., 903; Gray v. State, 88 Texas Crim. Rep., 1, 224 S. W., 513.

For the defect in the bond heretofore pointed out this appeal must be dismissed.

*Dismissed.*

### ON REHEARING.

### April 16, 1924.

HAWKINS, Judge.—At a former day the appeal was dismissed because of a defective appeal bond. It now appears that this defect has been corrected, and the appeal is reinstated.

Section one of our present liquor law, (Chapter 61, page 233, Acts 1st and 2d C. S., 37th Leg.) makes it unlawful to manufacture spirituous, vinous, or malt liquor, or medicated bitters, capable of producing intoxication, or *any other intoxicant whatever*. Section Two makes it unlawful to manufacture spirituous, vinous, or malt liquor, or medicated bitters, or *any potable liquor, mixture, or preparation,* containing in excess of one per cent of alcohol by volume. It would therefore appear that under proper allegations one might be charged with an offense for making almost any character of liquor or mixture which is intoxicating, or which contains more than one per cent of alcohol.

The indictment in the present case alleges only that appellant manufactured *spirituous, vinous and malt* liquor capable of producing intoxication. The point is made that the evidence fails to sustain the allegations.

The officers went to appellant's premises and in a dugout found two fifty gallon barrels of mash. Hanging in the dugout they found the main part of a coil or worm, and in the barn some distance from the dugout a fifteen gallon boiler suitable for distilling liquor. Inside this can they found another portion of the coil. The top of the still was found in a can in appellant's house which can also contained some charcoal. In the main coil found hanging in the dugout was about a spoon full of liquid which smelled like whiskey and which one witness said, in his opinion, was corn whiskey. The coil was sticky all over. The charcoal had the smell of whisky about it but the still itself bore no odor which was noticeable. In the dugout were a number of fruit jars, some containing fruit, but the majority being empty. No whisky was discovered about the premises unless the small quantity in the coil was intoxicating. There was no testi-

mony showing when or by whom the coil or charcoal had been used, or whether it was brought to appellant's premises before or after the liquor found its way into the coil and the odor of whisky about the charcoal. One of the officers testified that he tasted some of the liquor from the mash in the barrels and that in his opinion it would intoxicate if a sufficient quantity of it was drunk. A witness who appears to have been familiar with the process of distilling liquor testified that it required about fourteen days for mash to reach the proper stage of fermentation to be in proper condition for distillation and that the mash in question would not have been ready until the expiration of an additional four or five days. His testimony is further to the effect that just before it was ready for distillation a person could drink enough of the liquor from it to become intoxicated.

In its general use the term "spirituous liquor" is that made by the process of distillation. (Black on Intoxicating Liquor, §§ 2 and 3; Joyce on Intoxicating Liquor, §§ 7 and 8.) The legislature may broaden its meaning, but did not do so in our statute. Other means were employed to cover other character of intoxicants. "Malt liquor" embraces porter, ale, beer, and the like which are the result or product of a process by which grain, usually barley, is steeped in water to the point of germination, the starch of the grain being thus converted into saccharine matter, which is kiln dried, then mixed with hops, and by a further process of brewing made into a beverage. (Black on Intoxicating Liquor, § 6; Joyce on Intoxicating Liquor, § 12. The foregoing definitions of spirituous and malt liquors have been recognized by this court. Hendley v. State, 94 Texas Crim. Rep., 40. There is no pretense that the liquor from the mash was a "vinous" liquor. (Black on Intoxicating Liquor, § 5; Joyce on Intoxicating Liquor, § 13, page 13), and it would seem to be equally certain that it was neither a spirituous" or "malt" liquor. It may have contained more than one per cent of alcohol by volume; if so this is not alleged nor proven. It may have contained sufficient alcohol to be intoxicating; if so the presence of the alcohol is accounted for through the ordinary process of fermentation; but the liquor was neither distilled nor brewed. The state being bound by the descriptive allegations in the indictment as to the particular kind of liquor accused was charged with manufacturing the evidence fails to meet them. There can be little doubt that appellant intended to make whisky from the mash found, and to use the still for that purpose. But the matter had not proceeded far enough to make him guilty of the manufacture of the character of liquor he is alleged to have made. If he had abandoned the enterprise where it was interrupted by the officers the contemplated offense would have been incomplete.

It follows from what has been said that in our opinion the state failed to make out its case as alleged, and the judgment must be versed and the cause remanded.

*Reversed and remanded.*