BILLING v. STATE.    (No. 8697.)

(Court of Criminal Appeals of Texas. April 15, 1925.)

1. Intoxicating liquors ⬤⟾223(3)—Whisky is "spirituous liquor" within charge of indictment.

Proof that liquor taken from defendant's automobile was whisky does not result in a fatal variance because indictment charged transportation of spirituous liquors, as whisky is a spirituous liquor.

[Ed. Note.—For other definitions, see Words and Phrases, Spirituous Liquors.]

2. Criminal law ⬤⟾814(17)—Charge on circumstantial evidence held unnecessary.

Where intoxicating liquor was found in automobile which defendant was driving along a highway, a charge on circumstantial evidence was not required.

3. Intoxicating liquors ⬤⟾223(1)—Proof of transportation of any one of liquors enumerated in indictment sufficient.

Under an indictment charging transportation of spirituous, vinous, and malt liquors and medicated bitters capable of producing intoxication, proof of transporting of any one of such enumerated liquors was sufficient.

Commissioners' Decision.

Appeal from District Court, Fisher County; J. B. Thomas, Special Judge.

O. R. Billing was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

Stinson, Coomber & Brooks, of Abilene, and J. C. Babb, of Sweetwater, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the district court of Fisher county for the offense of transporting spirituous, vinous, and malt liquors and medicated bitters capable of producing intoxication, and his punishment assessed at confinement in' the penitentiary for a term of three years.

The state's testimony shows that appellant was driving along a highway in Fisher county in his automobile; that he was arrested, and in the car were found 16 half-gallon fruit jars containing corn whisky. In company with appellant were his wife's sister, Mrs. Hodge, and an unknown man known as Martin. Appellant testified that Martin put the whisky in his car without his knowledge or consent.

[1] Defendant makes the contention that, as the indictment charged transportation of spirituous, vinous, and malt liquors and medicated bitters capable of producing intoxication, and as the proof shows that the concoction in appellant's car was whisky, there is a fatal variance between the allegations and proof. This contention is not sound. Whisky is a spirituous liquor. Hendley v. State, 94 Tex. Cr. R. 40, 250 S. W. 174; Cotton v. State, 94 Tex. Cr. R. 391, 250 S. W. 1026; Aston v. State (Tex. Cr. App.) 49 S. W. 385; Douthitt v. State (Tex. Cr. App.) 61 S. W. 404.

[2] A charge on circumstantial evidence was not required in this case. Appellant was admittedly transporting liquor in his own automobile, and no case has been cited—and, indeed, none are in existence in this state—where a charge on circumstantial evidence is required in a case of similar facts.

[3] By bill of exception No. 2 appellant contends that, as the allegations that appellant transported spirituous, vinous, and malt

liquors and medicated bitters capable of producing intoxication were pleaded conjunctively, it was incumbent upon the state to prove each of said allegations in order to sustain a conviction, and, as the testimony shows only the transportation of whisky, the state has not discharged the burden of also proving that he transported vinous and malt liquors and medicated bitters capable of producing intoxication. Under the allegations in this indictment, proof of the transporting of either spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication was entirely sufficient. No case holding the contrary doctrine has been cited or found.

What has already been said with reference to bill No. 2 also disposes of appellant's contention as raised by bills 4 and 5.

Paragraphs 4 and 6 of the court's charge fully protected appellant against any possible error with reference to the charge on the burden of proof.

Finding no reversible error in the record, it is our opinion that the case should be affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.