## WILLMOTT v. STATE.  (No. 12607.)

Court of Criminal Appeals of Texas.  May 29, 1929.

Rehearing Denied Oct. 23, 1929.

W. J. Muller, of Rock Springs, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

There are no bills of exception in the record. The state sufficiently proved appellant in possession of four gallons of whisky.

We do not think there appears in this record any confession of the accused, such as is contemplated or referred to in our statutes. Mrs. Stewart left her home and spent the night away. When she returned the next morning, four gallons of whisky were in a box 'under the bed. She called her father, who came down. Appellant presently came to the house —said the whisky was his, that he got drunk the night before, and played h—l, broke into the Stewart home, and left the whisky. After this conversation, he carried the whisky away. There is not the slightest suggestion that appellant was under arrest or in confinement or custody at the time he made these statements. Our statute regarding confessions has no application, and the court correctly refused the special charge seeking to submit the law regarding the voluntary character of the confession.

All the testimony was that the liquor was whisky. This has been decided too often to be a spirituous liquor and intoxicating to need citation of authorities supporting such proposition.

The evidence supporting the verdict of the jury, and no error appearing, the judgment will be affirmed.

On Motion for Rehearing.

MORROW, P. J. The declaration of the appellant claiming ownership of the whisky set forth in the original opinion was admissible in evidence against him under the rule of res gestæ, to which article 727, Code Cr. Proc. 1925, defining the circumstances under which a confession may be used in evidence and the rule requiring corroboration of the confession, have no application. It follows that the refusal of the appellant's request to instruct the jury upon the subject of the statutory confession was not improper. The evidence that the liquid possessed by the appellant was *whisky* is definite. Further proof that it was spirituous and intoxicating liquor the law does not demand. Whisky, being an alcoholic liquor, is a spirituous liquor. 4 Words and Phrases, Second Series, page 660, also 7 Words and Phrases, Third Series, page 113; Hendley v. State, 94 Tex. Cr. R. 40, 250

S. W. 174; Tolar v. State, 97 Tex. Cr. R. 145, 260 S. W. 1043. So, in holding the evidence sufficient on the hearing of the motion for new trial, the court committed no error.

The motion for rehearing is overruled.