HILLIS ALLEN v. THE STATE.

No. 13865. Delivered October 22, 1930.
Rehearing denied November 26, 1930.
Reported in 32 S. W. (2d) 854.

16

The opinion states the case.

*J. H. French, Jr.,* of Daingerfield and *J. A. Ward* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for assault to murder; punishment, five years in the penitentiary.

Appellant moved to quash the indictment herein on the ground that the single count therein was duplicitous. He correctly states in his brief that duplicity is the joinder of two or more distinct offenses in one count.

The indictment in this case charged in proper form an assault by appellant with intent to murder Edna Hiner by shooting her with a gun; but the single count in said indictment concluded with the following statement: "The said Hillis Allen, at the time he then and there so shot the said Edna Hiner, shot into the private residence of the said Edna Hiner, against the peace and dignity of the State." This added averment does not charge a separate and distinct offense. Art. 1339, P. C., which makes penal the firing of a gun into a private residence, requires that such act be wilful or malicious; manifestly an indictment would not suffice to charge said offense which omitted to state that such shooting was "wilful" or "malicious." Willson's Crim. Forms, 556.

We know of no other statute on the subject save Art. 1160, P. C., relating to the fixing of the penalty for assault to murder in which appears the statement that if the offense is committed "By shooting into a private residence, the punishment shall be double." It doubtless appeared to the learned trial court upon the trial of this case that the State was making an attempt by the last averment of the count in question to make a statement under which a double penalty

could be inflicted, but such averment was insufficient and the court below, as we think correctly, held the last phrase of said count to be surplusage. We do not question the soundness of the cases cited by appellant in his able brief, but think them not applicable to the instant facts.

Appellant further urges that the court erred in not giving his special charge in effect that if the jury found that appellant shot Edna Hiner, but that from the distance he was from her, and the size of the shot used, and her situation and the circumstances,—he could not have killed her, then they could not convict him. Before it could be held wrong to refuse such charge, it would be necessary that the record show facts supporting such requested charge; in other words, there is no better settled legal principle than that without supporting facts in the record, the refusal of a requested charge supposedly presenting an affirmative defense, would not be error. No witness swore that appellant was at such distance, or used such small shot, that he could not have killed Edna Hiner on the occasion in question by the shot he fired at her. The contrary appears. The constable of the precinct testified that from where appellant stood when he shot, to where the woman was at the time, measured forty-four yards; also that he was familiar with guns, and how far they shoot, and that in his judgment a person could be killed by being shot with number six shot from a distance of forty-four yards. He further testified that he dug two shot out of the door facing where the woman stood at the time, one of which was buried one-eighth of an inch and the other a quarter of an inch in such door facing. The doctor who dressed the wounds of Edna Hiner testified that if the shot fired by appellant had struck some vital spot, it might have killed the woman. Appellant introduced no testimony. The facts show that during an altercation appellant said to the woman, "You g— d— bitch, I will shoot you, I will shoot your g— d— head off," and that he at once got his gun and fired at the woman who was standing in her own doorway at the time. The fact that an intervening door facing might have saved the woman's life could not avail to prevent the act of appellant from being an assault with intent to murder under the testimony. We do not think the court erred in refusing to give the special charge requested.

No error appearing, the judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The indictment reads thus:

"In the Name and By the Authority of the State of Texas:

The Grand Jurors, duly selected, organized and impanelled as such for the County of Morris, State of Texas, at the April Term, 1930, of the District Court for said County, upon their oaths, present in and to said Court, that on or about the 11th day of February, A. D., 1930, anterior to the presentment of this indictment, in the County and State aforesaid, Hillis Allen did then and there unlawfully with malice aforethought, in and upon Edna Hiner, make and commit an assault by then and there shooting the said Edna Hiner with a shotgun, with the intent to then and there kill and murder the said Edna Hiner. *The said Hillis Allen, at the time he then and there so shot the said Edna Hiner, shot into the private residence of the said Edna Hiner, against the peace and the dignity of the State.*"

The language italicized is regarded as surplusage. It does not charge an offense of itself and may be omitted without impairment of the indictment. See Ency. of Law & Procedure, Vol. 22, p. 367; State v. Elliott, 14 Tex. Rep. 423; Rocha v. State, 43 Tex. Cr. R. 169; Hampton v. State, 5 Tex. Ct. App. 463; Ency. of Law & Proc., Vol. 22, p. 369; Gordon v. State, 2 Tex. Ct. App. 154.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.