HAL BUIE v. THE STATE.

No. 17490. Delivered June 12, 1935.

The opinion states the case.

*Ennis C. Favors* and *Willis, Studer & Studer,* all of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing a still for the manufacture of intoxicating liquor. No attack was made on the indictment in the court below. It is insisted here that the count of the indictment under which conviction was had charges no offense under the holding in Offield v. State (127 Texas Crim. Rep., 237), 75 S. W. (2d) 882, and subsequent cases to the same effect.

The count of the indictment involved, omitting formal averments, charges that appellant possessed a "certain still, and mash, material, equipment, and supplies for the manufacture of liquor capable of producing intoxication." That part of the indictment relating to mash, material, equipment and supplies is subject to the criticism mentioned in Offield (supra) and does fail to charge an offense, for the reasons set out in said case. The averments mentioned, however, may be disregarded as surplusage without impairment of the indictment as charging the possession of a "still" for manufacturing intoxicating liquor. See Branch's Ann. Texas P. C., sec. 497; Allen v. State, 116 Texas Crim. Rep., 15, 32 S. W. (2d) 854; Stansbury v. State, No. 17,434, opinion on rehearing May 22, 1935.* We are inclined to the view that the averment of the possession of a "still" for the purpose of manufacturing intoxicating liquor is equivalent to an allegation that the purpose was to manufacture "spirituous intoxicating liquor." Spirituous liquor in its ordinary sense is "restricted to such liquors as are produced by the process of distillation." 33 Corpus Juris, sec. 9, p. 494. Wollen and Thornton's Law of Int. Liquor, vol. 1, p. 23, sec. 16; Black on Int. Liquor, sec. 3, pages 3 and 4; Blackmore on Prohibition, 3rd Ed. p. 151, sec. 180; Joyce on Int. Iiquor, p. 7, sec. 7. Hendley v. State, 94 Texas Crim. Rep., 40, 250 S. W., 174. It follows from the authorities that the only kind of intoxicating liquor which can be manufactured by a still is a

"spirituous" liquor. While the facts proven would not in any way aid the indictment, yet they show that the liquor being manufactured was whisky, a spirituous liquor. Any expression which may be found in Davis v. State, 102 Texas Crim. Rep., 546, 278 S. W., 848, contrary to the views here expressed is modified, by withdrawing what was there said about vinous and malt liquors.

The State relied for a conviction upon the testimony of one Ayres, who was an accomplice witness and so recognized by the court in the instructions to the jury. Appellant urges that the purported corroboration of said witness is not sufficient to support a conviction under article 718, C. C. P., which provides that a conviction can not be had upon the testimony of an accomplice witness unless corroborated by other evidence *which tends to connect the accused on trial with the offense committed.* The offense claimed to have been committed was the possession of a still for the manufacture of intoxicating liquor. Officers testified that under authority of a search warrant they went to a place located on a lease of The Texas Company and there found about fifty yards west of an oil and gas well a little shack made from scrap lumber and sheet iron about eight by ten, six and a half feet high on the lower side and seven and a half feet high on the higher side. In this shack they found a still in operation making whisky. There was also in this shack two barrels of mash. Ayres and no one else was present at the time the officers arrived. After the officers had been there about twenty minutes appellant drove up in a car in which also was a man by the name of Gibson, with his wife, and another man and his wife. The two men got out of the car and went into the shack where the still was located. Appellant remained at the car and talked to the ladies. Neither appellant nor Ayres made any statement at the time as to the ownership of or operation of the still in question. Ayres testified that he was employed by appellant to operate the still and that appellant came for him about eleven o'clock in the morning on the day the raid was made, took him to the still and aided in connecting it up and starting it in operation; that appellant then left and after a while came back, bringing some ice and some "ice tongs"; that witness put the ice in the cooling barrel. There is not a word of testimony in the record showing who built the shack, or that appellant had ever been seen in it or in the vicinity of it at any other times than on the occasions testified about. Mr. Bull testified that he could not say that he saw appellant on the 23rd day of June, but that about that time appellant stopped

at the ice house where witness worked along in the afternoon about an hour before sun-down and bought one hundred pounds of ice, and that witness loaned him a pair of ice tongs which appellant took away with him but never returned; that he later received them from the deputy sheriff. The officers testified that it was about three-thirty in the afternoon when they were. at the still. As we view the record the only semblance of cor-. roborating testimony is the fact that a pair of ice tongs which belonged to Bull was found at the still and which tongs Bull had loaned to appellant. It may be immaterial, but the officers claim to have found the ice tongs at the still before the time . that Bull says he sold the ice to appellant and loaned him the tongs. We have been unable to reach the conclusion that the slight corroborating evidence tends to connect appellant with the "possession of the still" for the purpose of making whisky. He may have brought the ice and left the tongs, and yet, had no connection whatever with the possession of the still for the purpose mentioned. The case must be reversed for the insuf-. ficiency of the corroborating testimony.

We call attention to another matter which appellant urges in his brief. The transcript before us shows that the court instructed the jury in the fourth paragraph of his charge that if they found appellant guilty they would assess his punishment at confinement in the penitentiary for not less than one nor . more than five years. In the sixth paragraph of the charge there occurs the following: "If you find the defendant guilty the form of your verdict may be 'We the jury find the defendant guilty as charged in the first count of the indictment and assess his punishment at two years' confinement in the penitentiary.'" This may be an error in the transcript, or may be subject to some explanation. If not, it is subject to the criticism that it is fundamental error.

For the errors pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

*(Reported on page 570 of this volume.)