# FEBRUARY 8, 1939

### W. A. "WILL" BALLARD v. THE STATE.

No. 19901. Delivered November 9, 1938.
On the Merits January 11, 1939.
Rehearing Denied February 8, 1939.

The opinon states the case.

*Earl M. Greer*, of Wills Point, for appellant.

*Lewis Orsborn*, County Attorney, of Canton, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of ten years.

The record shows that the term of court at which appellant was convicted convened on January 3, 1938, and adjourned on February 12, of the same year. On February 24, appellant, as principal, and Jack Owen, R. W. Dunn and C. E. Garner as sureties, made and entered into an appeal bond in the sum of $5,000, conditioned as required by law.

This bond was approved by the sheriff of said county, but not by the presiding judge as required by Art. 818, C. C. P. In this respect the bond is defective and does not confer jurisdiction on this court. See Tolar v. State, 97 Tex. Crim. Rep., 145; (260 S. W., 1043); Jones v. State, 99 Tex. Crim. Rep., 50; (267 S. W., 985); King v. State, 83 Tex. Crim. Rep. 304.

By reason of the defective appeal bond, the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

KRUEGER, JUDGE.—On a former day of this term, we dismissed the appeal in this case because of a defective record. The record has been perfected and the case is now before us on its merits.

It is charged in the indictment that on or about the 2nd. day of October, 1937, defendant unlawfully had carnal knowledge of Hazel Nell Hargrove, a female under the age of fifteen years, who was not the wife of the said defendant, etc.

The trial occurred on February 9, 1938. The motion for a new trial was overruled and notice of appeal given on February 11. It does not appear from the record that the court, at that time granted any request for an extension of time beyond that allowed by Art. 760 C. C. P., in which to file bills of exceptions and statements of facts. Consequently appellant had 90 days in which to file a statement of facts and 30 days in which to file bills of exceptions. On the 11th. day of April, after the time provided by statute had elapsed in which to file bills of exceptions, appellant applied to the court for an extension of thirty days in which to file the same. The court, by an order duly entered upon the minutes, extended the time as prayed for. On the 9th. day of May appellant filed his bills of exceptions and statement of facts. The statement of facts was therefore filed within the 90 day period allowed by law. However, after the thirty day period allowed in which to file bills of exceptions had expired, the court could not legally grant a further extension of time in which to do so. See White v. State, 116 Tex. Crim. Rep., 363. Consequently the State's motion not to consider them must be sustained.

Since the statement of facts was filed within the time prescribed by law, the same will be considered and the only question for this court to determine is the sufficiency of the evidence to sustain the conviction.

The State's case rests almost entirely on the testimony of the prosecutrix, a girl seven years of age. She testified in substance that appellant lived three houses from her home where she resided with her parents. That within six yards of their dwelling, her parents had a chicken house with a storage room attached. That late in the afternoon on the day of the alleged offense she was at the storage room getting some onions. That a little step had been placed there to facilitate entrance to the chicken house. That while she was standing on this step, appellant came there and had an act of sexual intercourse with her. That the act was performed standing up. That it did not hurt her, did not produce any soreness, and did not cause any blood to flow from her private parts. That she did not tell her mother about it until three weeks thereafter but did tell a little friend and playmate who in turn told

her own mother who communicated it to her (the prosecutrix's) mother, who inquired of her concerning the alleged occurrence.

The mother of prosecutrix testified that on the 5th. day of October she took prosecutrix to Doctor Baker and Doctor Fry with the purpose of having them make an examination of the little girl. That on the night of October 5, Mr. Wilson and Mr. Bullard came to her home and talked to her about the alleged occurrence, and the prosecutrix told them that the event occurred on Saturday when ice was on the ground.

Doctor Baker testified that he and Doctor Fry made an examination of prosecutrix; that he found the entire area where the female genital organ is located discolored as though it had been bruised. He also found some irregular tears of the hymen and the birth canal standing open. That from what he found as a result of his examination he concluded that something had ruptured her hymen.

Appellant testified in his own behalf, denied that he had committed the offense, stated that he was seventy years of age, impotent and had not had sexual intercourse with his wife for a number of years. A number of witnesses testified to his good reputation as a law-abiding citizen.

To our minds it appears almost certain that if Mrs. Hargrove, the mother of the injured female, heard of the occurrence on the 5th. day of October and the alleged offense was committed three weeks prior thereto, there could not, in this warm climate, have been any ice on the ground. It is common knowledge that we do not usually have such cold weather in Texas during the month of September.

Prosecutrix says that the offense was committed by appellant within six yards of their kitchen; that appellant penetrated her while they were standing; that it did not hurt her or cause any soreness or any blood to flow. This testimony, to our minds, is too uncertain and unsatisfactory to deprive a man of his liberty, who for seventy years has borne a good reputation as a law-abiding citizen. Of course the State relies strongly on the testimony of Doctor Baker. However, he merely testified as to what he discovered as a result of his examination of the prosecutrix. He did not know what caused the rupture of the hymen, nor when it occurred. If the act was committed as charged and she experienced no pain, swelling, or soreness, then the discoloration which he found was not produced three weeks prior to the time of his examination of her. If sufficient force were applied to cause a discoloration of such

magnitude that it would last for three weeks, it could not have been produced without some pain, soreness or the flow of blood.

In support of the opinion herein expressed, we refer to the following authorities: Montresser v. State, 19 Tex. Crim. Rep., 281; Logan v. State 148 S. W., 713; Kee v. State, 65 S. W., 517; Adkins v. State, 65 S. W., 924; Stevens v. State, 50 S. W. (2d) 284.

Because of the insufficiency of the evidence, the judgment must be reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of the State's motion for rehearing we have re-examined the facts. We perceive no reason why our original opinion should not stand.

The motion for rehearing is overruled.