# JUNE, 1923

### KITRELL TUCKER v. THE STATE.

No. 7575.   Decided April 4, 1923.

Rehearing Denied June 6, 1923.

**1.—Possession of Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawful possession of intoxicating liquor, the evidence supported the conviction, there is no reversible error.

**2.—Same—Indictment—Words and Phrases.**

Where the indictment charged that the defendant did unlawfully possess liquor capable of producing intoxication, for the purpose of sale, the same was sufficient, as the term liquor in prohibition laws has often been treated synonymous with intoxicating liquor, and while there is no necessity of the pleader in departing from the language of the statutes, yet in the instant case there is no reversible error.

**3.—Same—Argument of Counsel—Practice on Appeal.**

Where the bill of exceptions simply stated a ground of objection which is not verified by the trial judge an a matter of fact, with reference to the argument of counsel which was withdrawn, there is no reversible error.

**4.—Same—Rehearing—Indictment—Rule Stated.**

It is well settled and a well accepted rule that an indictment for the unlawful sale or keeping of liquors need not specify the particular kind of liquor which is expected to be proved at the trial, it is sufficient to allege that the defendant sold intoxicating liquor.   Following Russell v. State, 228 S. W. Rep., 950, and other cases.

**5.—Same—Argument of Counsel.**

Where the remark of the county attorney to which objection was made, was withdrawn by the court and was not of any materially injurioun character, there is no reversible error.

Appeal from the District Court of Palo Pinto.   Tried below before the Honorable J. B. Keith.

Appeal from a conviction of unlawfully possessing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

Opinion states the case.

*Hood & Shadle,* and *Preston Martin,* for appellant.—Upon question of the insufficiency of the indictment, Mason v. State, 58 S. E. Rep., 139.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

Appellant conducted a cold drink stand. A search of his premises revealed that there were four one-gallon bottles of whisky in his possession. The witness Woodall called at the appellant's place of business and told him that Jimmie Binson wanted a pint of whisky. Appellant delivered to Woodall a bottle filled with liquid which had the appearance of whisky and he received from Woodall in payment therefor the sum of three dollars. Woodall then delivered the bottle to Binson, who was a negro porter at a certain hotel. Massey, a guest at the hotel, asked Binson to get him some whisky and gave him a five-dollar bill for that purpose. Binson returned with a pint of whisky which he delivered to Massey. Binson gave Massey no change.

The evidence is deemed sufficient to sustain the finding by the jury that the appellant possessed intoxicating liquor for the purpose of sale.

The indictment charged that the appellant "did unlawfully possess *liquor* capable of producing intoxication, for the purpose of sale." It is claimed that the indictment charges no offense. The statute denouncing the offense describes the articles prohibited in these words: "***spirituous, vinous, or malt liquors, or medicated bitters, capable of producing intoxication, *or any other intoxicant whatever.*"

See Acts of 37th Leg., 1st Called Sess., Chap. 61. That chapter is amendatory of certain sections of Chap. 78, Acts of Thirty-sixth Leg., 1st & 2nd Called Sess., in which the prohibited articles are described in the same manner. In one of the sections of that Act, it is declared:

"The words 'intoxicating liquors' or 'liquors' hereafter used in this Act shall be held to include and comprehend all liquors referred to in the first and second sections of this act."

The term "liquor" in prohibition laws has often been treated as synonymous with intoxicating liquor. See Words & Phrases, 2nd Series, Vol. 3, p. 153; Carswell v. State, 66 N. E. 488, 70 Ga. 198; Austin v. Shelton, 127 S. W. Rep. 446, 122 Tenn. 634; People v. Myers, 77 N. E. 1193, 185 N. Y. 558.

The necessity of the pleader departing from the language of the statute is not perceived. This practice often leads to confusion and reversals, and always to the presentation of additional questions for decision on appeal. In the present instance, however, we are of the opinion that the indictment charges an offense.

The prosecuting attorney, in the course of his argument, said:

"Gentlemen of the Jury, I know you will convict the defendant if you follow the precedent you have heretofore lain down."

Appellant's counsel interposed an objection and the court stopped the prosecuting officer, rebuked him for using the language and instructed the jury that it was improper. It was withdrawn from their

consideration. It is stated in the bill that exception was reserved to the remarks for the reason that the jury had been trying similar cases and had rendered verdicts of guilty. This is simply stated as a ground for the objection and is not verified by the trial judge as a matter of fact. We do not regard the matter as presented in the bill as one authorizing a reversal of the judgment.

No errors appearing, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 6, 1923.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing in which he questions the correctness of our opinion holding the indictment in this case sufficient. We have again reviewed the subject. Our Constitution and statutes make penal the sale of spirituous, vinous and malt liquor and medicated bitters "capable of producing intoxication." This latter phrase qualifies each of the four kinds of liquor named, and we conceive that an indictment which charges either separately or jointly the sale of spirituous, vinous or malt liquor or medicated bitters, would be fatally defective if it did not also charge that said liquor was capable of producing intoxication, where the prosecution was brought under the first section of the Dean law. The essence of the crime attempted to be charged is the sale of intoxicating liquor. In prosecutions under former liquor laws in this State, it was held not necessary to describe or name in the indictment the particular intoxicating liquor sold. Piper v. State, 53 Texas Crim. Rep., 485, 110 S. W. Rep., 899; Frickie v. State, 39 Texas Crim. Rep. 254; Wilson v. State, 55 S. W. Rep. 68. Many authorities are cited by Mr. Willson in his Criminal Forms under the particular form for charging such offenses as they then existed. One charged by indictment with selling spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, would have no more information for practical purposes as to the particular kind of liquor whose sale would be attributed to him, than he would obtain if merely charged by indictment with selling liquor capable of producing intoxication. It appears from the authorities both elementary and in the opinion of the courts that the only thing he needs to know is that he is charged with selling intoxicating liquor, or to transpose the words, liquor capable of producing intoxication. This seems laid down by Mr. Black in his work on Intoxicating Liquors in Sec. 467 in the following language:

"It is a well settled and accepted rule that an indictment for the unlawful sale of keeping of liquors need not specify the particular kind of liquor which it is expected to prove at the trial. That is, if the indictment charges the sale of 'spirituous' or 'intoxicating' liquor,

or uses any other general term employed in the statute, it will be sufficient without an additional allegation that the liquor was whisky, rum, gin, wine, beer, etc. The class or species of the liquor sold is not a material ingredient of the offense, and the defendant is not entitled to more detailed information on this point, if the other allegations of the indictment describe the particular transaction with sufficient certainty to identify it. And in some states, where the statutes prohibit the unlicensed sale of 'spirituous, vinous or malt liquors,' it is held that the particular kind of liquor alleged to have been sold, whether spirituous, vinous, or malt, need not be named in the indictment by either of those terms; it is sufficient to allege that the defendant sold 'intoxicating liquor.' ''

Mr. Black cites many authorities from most of the states of the Union in support of this text. In Russell v. State, 88 Texas Crim. Rep., 582, 228 S. W. Rep. 950, we held an indictment good which charged the accused with the sale of spirituous, vinous and intoxicating liquor. Also in Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep. 936, we held sufficient an indictment charging the accused with having in his possession for purposes of sale, intoxicating liquor. In Estell v. State, 91 Tex. Crim. Rep., 481, we in substance held that the Dean act practically forbade the sale of liquor "capable of producing intoxication." See also Young v. State, 92.Texas Crim. Rep., 277, 243 S. W. Rep. 473 and Trevinio v. State, 93 Texas Crim. Rep. 439, 247 S. W. Rep. 872. It follows that in our judgment the appellant's contention is unsound.

The remarks made by the county attorney to which exception was reserved by appellant were improper, and the court instructed the jury not to consider them. The matters embraced in such remarks were well within the recent knowledge of the jury and we are unable to perceive how a reference to them by the attorney could be of that materially injurious character which would justify us in reversing this case.

The motion for rehearing will be overruled.

*Overruled.*