### LELAND OATS v. THE STATE.

#### No. 7561. Decided April 18, 1923.

**Selling Intoxicating Liquor—Indictment.**

Where the indictment charged the sale of spiritous, vinous, and malt liquor but did not allege that the same was capable of producing intoxication, a motion to quash should have been sustained, and the judgment must be reversed, and the cause remanded.

Appeal from the District Court of Stevens. Tried below before the Hon. C. O. Hamlin.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, and *S. J. Osborne,* Assistant District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Stephens County of the offense of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment contained two counts, one charging the sale of spirituous, vinous and malt liquor, and the other the sale of liquor containing more than one per cent. alcohol by volume. Both counts were submitted to the jury and they found appellant guilty under the first.

A motion was made to quash the first count because same did not allege that the spirituous, vinous and malt liquor sold, was "capable of producing intoxication." The motion should have been sustained. The State files a persuasive brief in support of the correctness of said indictment, but cites no authorities. Its contention is that the statute inhibiting the sale of spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication, intends to absolutely prohibit the sale of all liquor which might be denominated spirituous, vinous and malt liquor, and that the use of the phrase "capable of producing intoxication" was intended by the Legislature to apply only to medicated bitters. We do not agree with this contention.

It seems clear that the first section of the Dean law is aimed at the sale, etc., of any intoxicant whatsoever; and the second section at the sale of any liquor containing in excess of one per cent. of alcohol by volume. It must be conceded that liquor may have malt in it so that its alcoholic content will be less than one per cent by volume, and that liquor may have malt in it in such small quantities as to not be intoxicating. The same reasoning probably applies to spirituous liquor.

The whole purpose of our liquor laws is to stop the use of intoxicating liquor as a beverage, and the language employed by the lawmakers is plain, and there would seem little reason for failing to charge that the spirituous, vinous and malt liquors alleged to be sold, were capable of producing intoxication. The statement of facts herein shows sale of some compound called "Jake." Under the plain language of the statute one may be prosecuted and convicted who sells any kind of liquor capable of producing intoxication, or which contains one per cent. of alcohol by volume. This would seem plain

enough to be understood by all, and broad enough to comprehend all violators of the law.

The conviction being under the first count, and it being fatally defective in that it failed to allege that the liquor sold was capable of producing intoxication, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*