### JOE TREMONT v. THE STATE.

No. 7983.   Decided March 5, 1924.

1.—Manufacturing Liquor—Bills of Exception—Indictment.

Where the indictment charged the manufacture of liquor capable of producing intoxication the same is sufficient. Following Tucker v. State, 251 S. W. Rep., 1090.

**2.—Same—Jury and Jury Law—Women.**

Where the bill of exceptions complained of the refusal of the court to quash the jury panel because no women were drawn on the jury, the same was correctly overruled.

**3.—Same—Search and Seizure.**

The bill of exceptions complaining that officers were permitted to testify to what they found in appellant's store house, because their entrance was made without a search warrant was correctly overruled. Following Welchek v. State, 93 Texas Crim. Rep., 271.

**4.—Same—Charge of Court.**

Where the proposition contained in the requested charge was fully covered by the main charge there was no error.

Appeal from the District Court of Orange. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Holland & Holland,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Orange County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

No statement of facts was filed within the time allowed by statute. There are five bills of exception. The first evidences complaint at the refusal of the court to quash the indictment. The indictment charged the manufacture of liquor capable of producing intoxication. This is sufficient. Tucker v. State, 94 Texas Crim. Rep., 505, 251 S. W. Rep., 1090. The second bill presents complaint of the refusal of the court to quash the jury panel because no women were drawn on the jury. This court has specifically held that women are not competent to serve on a jury under the laws and Constitution of this State. The third bill of exceptions complains that officers were permitted to testify to what they found in appellant's store-house, their entrance being made without a search warrant. This is settled against appellant by Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep., 524. The proposition contained in the special charge refusal to give which is complained of in the fourth bill of exceptions, was fulling covered by the main charge. The proposition contained in the fifth bill of exceptions would be contrary to our holding in the case of Welchek v. State, supra.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*