### Jody Blanks v. The State.

No. 10041. Delivered April 7, 1926.

Rehearing denied October 20, 1926.

1.—Sale of Intoxicating Liquor—Accomplice—Purchaser Is Not.

Our statute expressly provides that a purchaser of intoxicating liquor is not an accomplice to the seller, and the fact that such purchaser was an officer, or that he made the purchase for the purpose of arresting the seller, does not make such officer an accomplice.

2.—Same—Whiskey—Is Spiritous and Intoxicating Liquor.

Where an indictment charges that the accused sold spiritous, vinous and malt liquors, and that same was intoxicating, proof that the liquor sold was whiskey sustains the allegation. Whiskey has been judicially held to be a spiritous and intoxicating liquor over a period of time in which the memory of man runneth not to the contrary.

ON REHEARING.

3.—Same—Original Opinion—Held Correct.

Where a motion for rehearing presents no fact, authority or argument not considered by the court on the original opinion, nor points out wherein such opinion is erroneous, same will be overruled, and it is accordingly so done in this case.

Appeal from the District Court of Kerr County. Tried below before the Hon. R. H. Burrey, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful sale of intoxicating liquor and the punishment is one year in the penitentiary.

There is but one bill of exceptions in the record and this pertains to the court's action in refusing to give a peremptory instruction in favor of the defendant. Appellant contends first that the only witness for the state was an accomplice in that he was an officer of the law and that he purchased the whiskey for the purpose of inducing the defendant to make the sale in order that he might be trapped into a violation of the law, and that he therefore became an accomplice because he aided and advised and encouraged the commission of the offense. Appellant's contention in this respect is without merit. The statute itself expressly provides that a purchaser is not an accomplice and there is nothing in this record taking the case out of the statute.

Appellant also contends that the evidence is insufficient because the indictment alleges that he sold spiritous, vinous and malt liquor, and as the evidence showed that he sold whiskey, this would not meet the allegations in the indictment. This contention cannot be sustained. The authorities are so numerous to the contrary as to make it unnecessary, if not, indeed, useless, to again collate them. In addition to the proof by the wtiness to the effect that he bought whiskey from the appellant, he goes further and testifies that the whiskey that he bought from the appellant was intoxicating liquor.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing presents no fact, authority or argument not considered by the court on the original hearing, upon which, in the light of the record, the proper disposition of the appeal, in our opinion, was made.

The motion is overruled.

*Overruled.*