EARL SMITH v. THE STATE.

No. 11444. Delivered April 18, 1928.
Rehearing denied October 3, 1928.

The opinion states the case.

*D. J. Brookreson* of Benjamin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted under the first count of an indictment charging that "on or about the 4th day of June, A. D. 1927, and anterior to this indictment, in the County and State aforesaid, Earl Smith did then and there unlawfully sell to G. H. Elliot intoxicating liquor."

All law questions on this appeal are dependent upon whether or not such allegation is sufficient to charge an offense under the statute. The indictment in our opinion is sufficient for the reasons pointed out in Cause No. 11445, entitled J. C. Burgess, Appellant, v. State of Texas, Appellee, opinion this day rendered, not yet officially published. The reasons are fully given and the authorities cited in the opinion in said last mentioned cause and any further discussion by us would be repetition.

Believing the indictment sufficient to charge an offense and the evidence sufficient to support the verdict of the jury, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the first count of the indictment it is charged that the appellant unlawfully sold "intoxicating liquors." In the second count the possession for the purpose of sale of a potable liquor containing in excess of one per cent of alcohol by volume is charged. The second count was withdrawn from the jury in the charge of the court, and the verdict and judgment are upon the first count.

The indictment is attacked upon the ground that it charges no offense in that the term "intoxicating liquor" insufficiently describes the liquor charged to have been sold. In Art. 666, P. C., 1925, the sale is denounced of "spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicant whatever." An analogous contention was made in Tucker's case, 94 Tex. Crim. Rep. 505, 251 S. W. Rep. 1090. In that case, the indictment charged that Tucker did unlawfully possess "liquor capable of producing intoxication" for the purpose of sale. The sufficiency of the indictment was discussed at some length in both the original opinion and in that on motion for rehearing, and upon the citation of authorities and analysis of the statute denouncing the offense, the complaint of the indictment was rejected as unsound. In one of the cases cited, namely, Ex parte Mitchum, 91 Tex. Crim. Rep. 63, the indictment attacked, in describing the liquor, called it "intoxicating liquor." Keeping in mind the terms of the statute denouncing the "sale of spirituous, vinous or malt liquors or any other intoxicants whatever," we are constrained to the view that the indictment does not offend against either the statutory provisions set out in Sec. 7, Art. 396, C. C. P. 1925, declaring that the indictment shall set forth the offense in plain and intelligible words, or the declarations of the Bill of Rights, Art. 1, Sec. 10, guaranteeing to one accused of crime "the right to demand the nature and cause of the accusation against him, and to have a copy thereof," and that in a felony case the prosecution must be upon an indictment by a grand jury. The case of Oats v. State, 250 S. W. Rep. 426, is not deemed in conflict with the conclusion stated in the present appeal. In the Oats case there was no averment that the liquor was intoxicating. Such an averment is essential in charging an offense under

Art. 666, P. C., and this demand was met in the present instance by the averment that the liquor sold was "intoxicating liquor." Words & Phrases, 2nd Series, Vol 2, p. 1176; James v. State, 49 Tex. Crim. Rep. 334; Ency. of Law & Proc., Vol. 23, p. 56; Joyce on Intoxicating Liquor, p. 3; Black on Intoxicating Liquor, p. 2. In Webster's New International Dictionary, page 1132, "intoxicating" is defined thus: "Producing, or fitted to produce, intoxication."

For an additional discussion of the questions presented reference is made to the original opinion in the case of Burgess v. State, No. 11,445.

For the reasons stated, the motion for rehearing is overruled.

*Overruled.*