JESS WILLIAMS v. THE STATE.

No. 11919. Delivered May 30, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

MORROW, PRESIDING JUDGE.—Under an indictment upon two counts charging the possession of intoxicating liquor for the purpose of sale and the transportation of intoxicating liquor, the appellant was convicted of the first count; punishment fixed at confinement in the penitentiary for a period of two years.

No statement of facts accompanies the record.

The indictment is attacked upon the ground that it fails to charge that the liquor possessed was either spirituous, vinous or malt. The

term used is "did then and there unlawfully possess for the purpose of sale intoxicating liquor, against the peace and dignity of the State." The point has been specifically decided against the appellant in the case of Burgess v. State, No. 11,445, not yet reported, upon the citation of the following authorities: Tucker v. State, 251 S. W. Rep. 1090; Lenz v. State, 290 S. W. Rep. 168.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Since the affirmance of the judgment the clerk has forwarded the statement of facts which should have accompanied the record heretofore. An examination of the evidence discloses that the appellant was in possession of a quantity of whisky under circumstances suggestive of an unlawful purpose. Under the statute (Art. 671, P. C., 1925) the possession of more than one quart of intoxicating liquor is prima facie evidence that the liquor is possessed for the purpose of sale.

There are no legal questions raised save that touching the indictment which was disposed of in the original opinion.

The motion is overruled.

*Overruled.*