G. A. ANDERSON v. THE STATE.

No. 13566. Delivered October 8, 1930.
Reported in 31 S. W. (2d) 640.

318

The opinion states the case.

*Newman & McCollum* and *H. M. Graham,* all of Brady, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

Wilhelm, the purchaser named in the indictment, testified that on the 23rd day of October, 1929, he purchased from the appellant a pint of whiskey. Appellant, in his own behalf, testified that Wilhelm had been at his place but one time when he claimed to be a sign salesman; that he asked for some intoxicating liquor and was told by the appellant that he had none. Wilhelm produced a pint bottle of whiskey which he testified he had purchased from the appellant. The witness at the time labeled and marked it and turned it over to Judge Adkins. The bottle of whiskey was introduced at the trial and proved by Adkins and Kimbrough, the sheriff, to be the one received by them from Wilhelm. The fact that the money which Wilhelm claims to have paid the appellant for the whiskey in question was furnished by officers who were not present at the time of the alleged sale did not make necessary an instruction to the jury that the officers, and not Wilhelm, were the purchasers of the whiskey. Blanks v. State, 286 S. W. 1092; Lamm v. State, 94 Tex. Cr. R. 560. Wilhelm was in the general service of the prohibition officers at San Antonio, and in the particular matter, was employed by the county attorney and Judge Adkins. The request for a special charge that Wilhelm was an accomplice requiring corroboration as a predicate for a conviction was properly refused. Blanks v. State, 286 S. W. 1092; Lamm v. State, 94 Tex. Cr. R. 560.

Inasmuch as the liquor in question was shown to be whiskey no further proof of its intoxicating nature was required by law. Brown

v. State, 276 S. W. 438; Proctor v. State, 25 S. W. (2d) 351; Willmott v. State, 20 S. W. (2d) 787; Elms v. State, 279 S. W. 826; Marshburn v. State, 28 S. W. (2d) 135.

An indictment charging the sale of liquor capable of producing intoxication has been held sufficient. Tucker v. State, 94 Tex. Cr. R. 505; Johnson v. State, 112 Tex. Cr. R. 528; and numerous cases cited in Shepard's Texas Citations, (August, 1930) p. 119, following the Tucker case, supra.

The judgment is affirmed.

*Affirmed.*