## W. I. BUTTS V. THE STATE.

No. 16726.   Delivered May 23, 1934.
Rehearing Denied June 27, 1934.

The opinion states the case.

*A. T. Falsom,* of Wink, for appellant.

*William L. Kerr,* Dist. Atty., of Pecos, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Prosecution and conviction was under a count in the indictment which charged that appellant in Winkler County, Texas, possessed "for the purpose of sale liquor capable of producing intoxication."

No statement of facts is brought forward, the sole attack being on the sufficiency of the indictment, which question was raised by motion in arrest of judgment. We observe that in the charge the court told the jury that "whisky" was a spirituous liquor capable of producing intoxication. Assuming that the

court's instruction was applicable to the facts, leads to the conclusion that the liquor involved was whisky.

It is admitted that under the authorities hereafter mentioned the indictment was sufficient prior to the adoption in 1933 of the amendment to section 20, article 16 of the State Constitution, and the act passed by the 43rd Legislature, Reg. Sess., ch. 116, page 288. See Tucker v. State, 94 Texas Crim. Rep., 505, 251 S. W. 1090; Smith v. State, 110 Texas Crim. Rep., 497, 9 S. W. (2d) 340; Bogan v. State, 114 Texas Crim. Rep., 468, 22 S. W. (2d) 944; Anderson v. State, 116 Texas Crim. Rep., 317, 31 S. W. (2d) 640. It seems to be appellant's contention that since the passage of the act mentioned under the constitutional amendment referred to an indictment is insufficient unless in addition to charging that accused possessed for the purpose of sale intoxicating liquor, the indictment goes further and describes the liquor as "spirituous," or if it is vinous or malt liquor, designate it as such, and then follows the designation by an averment that it contained more than 3.2% alcohol by weight. We are not able to bring ourselves to agree with such contention. In our opinion the present indictment charges an offense. If the evidence had developed that the liquor in question was vinous or malt, and contained not more than 3.2% alcohol by weight, and the transaction under inquiry occurred in territory where the possession of such liquor for sale was then permitted, such facts would furnish a complete defense to the offense charged, but we think this would in no wise affect the validity of the indictment.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—As stated in our original opinion, there is no statement of facts before us, nor was there any motion made to quash the indictment in the court below, or raising any question as to the jurisdiction of the court to try the case based on any jurisdictional fact. Regularity in procedure in trial courts is presumed by this court unless and until the contrary is made to appear in any given case. In this case the prosecution was had upon an indictment charging this appellant with possession in a named county of this State,—of liquor capable of producing intoxication. In addition to what we said in our original opinion, we further observe that amended subsection (a) of section 20, article 16, of our State Constitution, as adopted in August, 1933, expressly provides that in all political subdivisions of this State wherein the sale of intoxicating

liquor had been prohibited by local option election prior to the adoption of section 20, article 16, of our Constitution,—it shall continue to be unlawful to sell, etc., any liquor capable of producing intoxication. Upon an indictment duly presented in a court of competent jurisdiction, and in a trial regularly held without any sort of claim or plea that the place of sale was in territory where the law involved was ineffective by reason of the adoption of said amended subsection (a),—this appellant was prosecuted and convicted. In the absence of any showing in the record of lack of jurisdiction on the part of the trial court, we accord to its acts regularity in jurisdiction as well as other matters of procedure. There has been no change in necessary procedure in appropriate territory. The State proceded regularly, and if appellant desired to raise and support the question that the territory in which this prosecution was had was that in which he should have been exempted, he failed to do so.

The motion for rehearing is overruled.

*Overruled.*