W. L. EVANS v. THE STATE.

No. 16811.   Delivered May 30, 1934.
Rehearing Denied (Without Written Opinion) June 27, 1934.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the

offense of unlawfully manufacturing. spirituous, vinous, and malt liquor capable of producing intoxication, and his punishment assessed at confinement in the State penitentiary for a term of two years and six months.

By bills of exception 1 and 2 the appellant assails the validity of the indictment upon which he was tried and convicted in that the indictment failed to charge that the alleged spirituous, vinous, and malt liquor contained more than 3.2 percent alcohol by weight. This question was before this court in the case of W. I. Butts v. The State, *No. 16,726, decided May 23, 1934, in which this court, speaking through Judge Hawkins, said:

"It seems to be the appellant's contention that since the passage of the act mentioned under the Constitutional amendment referred to an indictment is insufficient unless in addition to charging that the accused possessed for the purpose of sale intoxicating liquor, the indictment go further and describe the liquor as 'spirituous' or if it is vinous or malt liquor, designate it as such, and then follow the designation by an averment that it contained more than 3.2 percent alcohol by weight. We are unable to bring ourselves to agree with such contention. In our opinion the present indictment charges an offense."

Under the authority of Butts v. State, supra, the appellant's contention is overruled and the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(Reported on page 563 of this volume.)