## MATT BLUNDELL v. THE STATE.

### No. 16807. Delivered June 27, 1934.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the state penitentiary for a term of one year.

Appellant's only contention is that the indictment upon which he was tried and convicted failed to charge that the alleged spirituous, vinous and malt liquor, which he was charged with possessing for the purpose of sale, contained more than 3.2% alcohol by weight. This identical question was before this court in the case of Evans v. State, *No. 16,811, decided on May 30, 1934, and not yet reported, and the case of Butts v.

State, **No. 16,726, decided May 23, 1934, and not yet reported. In the case of Butts v. State, supra, this court, speaking through Judge Hawkins, said:

"It seems to be the appellant's contention that since the passage of the act mentioned under the Constitutional amendment referred to, an indictment is insufficient unless, in addition to charging that the accused possessed for the purpose of sale intoxicating liquor, the indictment goes farther and describes the liquor as spirituous or if it is vinous, or malt liquor, designating it as such, and then follow the designation by an averment that it contained more than 3.2 per cent alcohol by weight. We are unable to bring ourselves to agree with such contention. In our opinion the present indictment charged an offense. Under the authorities hereinafter mentioned, the indictment was sufficient prior to the adoption in 1933 of the amendment to section 20, art. 16 of the Constitution, and the act passed by the 43rd Legislature, Regular Session, chapter 116, p. 288, and since the passage of the act mentioned under the Constitutional amendment referred to, the indictment is sufficient."

Therefore, under the authority of Butts v. State, supra, and Evans v. State, supra, the appellant's contention is overruled, and the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*(Reported on page 579 of this volume.)

**(Reported on page 563 of this volume.)