BOB OFFIELD V. THE STATE.

No. 16725. Delivered June 27, 1934.
Rehearing Granted October 31, 1934.
Reported in 75 S. W. (2d) 882.

238

The opinion states the case.

*A. T. Folsom,* of Wink, for appellant.

*William L. Kerr,* Dist. Atty., of Pecos, and *Lloyd W. David-son,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxi-cating liquor for the purpose of sale; the punishment, confine-ment in the penitentiary for one year.

The indictment charges, in substance, that on or about the 15th day of March, A. D. 1933, appellant, in Winkler County, Texas, possessed for the purpose of sale intoxicating liquor.

No statement of facts is brought forward, the sole attack being on the sufficiency of the indictment, which question was raised in the motion in arrest of judgment. In the charge the court instructed the jury that whisky is a spirituous liquor capable of producing intoxication. We assume that the instruc-tion was applicable to the facts, and that the liquor involved was whisky.

It appears to be appellant's contention that since the pas-sage of chapter 116, Acts of the 43rd Legislature at its Regular Session the indictment is insufficient. This contention is identi-cal with that made and overruled in the case of W. I. Butts v. The State of Texas, opinion No. 16,726 (126 Texas Crim. Rep., 563), delivered May 23, 1934.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Omitting formal parts the indictment alleged that appellant in Winkler County, Texas, had in his "possession for the purpose of sale intoxicating liquor." No further description of the liquor or of the territory in which sold, is found in the indictment. The judgment of affirmance was based on the case of Butts v. State (126 Texas Crim. Reports, 563), 73 S. W. (2d) 96. Appellant's motion for rehearing urges that the opinion in said case is wrong in the light of the amendment to section 20, article 16 of the State Constitution (see Acts 1933, p. 971, and the law enacted by the 43rd Legislature, 1933, R. S., ch. 116, p. 288.) If we could consider vinous and malt liquor which contains not more than 3.2 per cent alcohol by weight as a non-intoxicant then the opinion in the Butts case would be correct, but upon further consideration we think that in view of the language used in the Constitutional Amendment referred to and the law enacted thereunder we would not be authorized to so regard such liquor as a matter of law, and therefore conclude that the opinion in the Butts case is erroneous, and that appellant's contention that the indictment is bad must be sustained. Prior to the Constitutional Amendment adopted in 1933, and the laws enacted thereunder, the indictment would have been good. See Tucker v. State, 94 Texas Crim. Rep., 505, 251 S. W., 1090; Smith v. State, 110 Texas Crim. Rep., 497, 9 S. W. (2d) 340; Bogan v. State, 114 Texas Crim. Rep., 468, 22 S. W. (2d) 944; Anderson v. State, 116 Texas Crim. Rep., 317, 31 S. W. (2d) 640. The changes made by the Amendment, and the new laws thereunder render many of our former opinion—which were correct at the time rendered—not applicable at this time, and this will necessarily result in confusion as is usual when a radical change in any law occurs.

The Constitutional Amendment in question says that the manufacture, sale, etc. in Texas of—"* * * spirituous, vinous or malt liquor * * * capable of producing intoxication, or any other intoxicant whatever *except* vinous or malt liquors of not more than three and two-tenths per cent (3.2%) alcoholic content by weight * * * are each and all hereby prohibited. * * * Pro-

vided further that in all counties in the State of Texas and in all political subdivisions thereof, wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of section 20, art. 16, of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county or in any such political subdivision thereof, any spirituous, vinous or malt liquors or medicated bitters, capable of producing intoxication or any other intoxicant whatsoever, unless and until a majority of the qualified voters in said county or political subdivision thereof voting in an election held for such purpose shall determine it to be lawful to manufacture, sell, barter and exchange in said county or political subdivision thereof vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcoholic content by weight. * * *" It appears from the language employed that the amendment dealt with 3.2% vinous and malt liquor as an intoxicant.

Section 1 (a) of ch. 116, Acts R. S. 43d Leg., (1933) provides that the manufacture, sale and distribution of vinous or malt beverage containing not more than 3.2% of alcohol by weight is hereby authorized within the State of Texas, subject to the terms and conditions therein imposed. Section (b) provides that in all counties and in all political subdivisions wherein the sale of intoxicating liquor had been prohibited by local option election before section 20, art. 16 of the Constitution of Texas, became effective, it should "* * * continue to be unlawful to manufacture, sell, barter or exchange in any such county or any such political subdivision of said county any vinous or malt liquors containing in excess of one per cent (1%) of alcoholic content by volume, unless and until a majority of the qualified voters in said county or political subdivision thereof voting at an election held for such purpose shall determine it to be lawful to manufacture, sell, barter or exchange in such county or in such political subdivision of said county any vinous and malt liquors containing not more than three and two-tenths per centum (3.2%) alcoholic content by weight. Section 1 (c) provides that in all counties and in all political subdivisions thereof wherein the sale of intoxicating liquor had not been prohibited by local option election "* * * it shall be lawful to manufacture, sell, barter or exchange * * * vinous or malt liquors containing not more than three and two-tenths per centum (3.2%) alcoholic content by weight * * * until otherwise de-

termined by a majority of the qualified voters * * * at an election hheld for that purpose."

Reading the Constitutional Amendment adopted in 1933 and the laws enacted thereunder, in connection with the former laws on the subject, it is plain that, (a) it is an offense to sell, etc., *spirituous* intoxicating liquor anywhere in Texas; (b) it is an offense to sell, etc. anywhere in Texas vinous or malt intoxicating liquor containing *more* than 3.2% of alcohol by weight; (c) it is an offense to sell, etc. vinous or malt intoxicating liquor containing not more than 3.2% of alcohol by weight in what for brevity may be designated as "local option" or "dry" counties or subdivisions; (d) it is not an offense to sell, etc., vinous or malt intoxicating liquor containing not more than 3.2% of alcohol by weight anywhere outside of "local option" or "dry" territory. "An indictment is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense." Article 395 C. C. P.). "The offense must be set forth in plain and intelligible words." (art. 396, subd. 7). An indictment must by direct and positive averments allege the constitutent elements of the offense sought to be charged. Stated otherwise, it must appear from the face of the indictment that an offense has been committed if accuse is shown by the evidence to have done or omitted to do the things alleged in the indictment.

The indictment in the present case charges only that in Winkler County appellant had in his possession for the purpose of sale intoxicating liquor. That might be true and yet appellant not be guilty of an offense. If the liquor was vinous or malt but contained not more than 3.2% of alcohol by weight, it would not be an offense to possess it for sale although it was intoxicating, unless Winkler County was a "local option" or "dry" county. Hence, to aid the indicement it must be assumed—which cannot be done—that the intoxicating liquor was spirituous, or that it was vinous or malt which contained more than 3.2% of alcohol by weight, without averments to that effect; or it must be assumed that Winkler County was a "local option" or "dry" county in the absence of such averment.

Judge Ramsey, at one time a distinguished member of this court, said in substance, that those whose duty it is to review the alleged errors of others should be the first to admit and correct their own when brought to their attention.

On mature consideration we have reached the conclusion that the indictment in the present case fails to charge an of-

fense, and that we were in error in holding to the contrary in Butts v. State (126 Texas Crim. Rep., 563), 73 S. W. (2d) 96. In Evans v. State (126 Texas Crim. Rep., 579), 73 S. W. (2d) 537, and Blundell v. State (126 Texas Crim. Rep., 560), 73 S. W. (2d) 1043, the Butts case was followed. The three cases named are expressly overruled on the point herein discussed.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the prosecution ordered dismissed.

*Reversed, and prosecution*
*order dismissed.*