The indictment alleges only that appellant in Oldham county, Tex., unlawfully possessed for the purpose of sale "liquor capable of producing intoxication." Since the adoption in 1933 of the Amendment to section 20, article 16 of the State Constitution, and the laws enacted thereunder by the Acts 43d Leg. Reg. Sess. (1933) c. 116, p. 288 (Vernon's Ann. P. C. art. 694a), it has been necessary for this court to hold that an indictment such as is here found charges no offense; the reasons which impelled such holding are fully stated in Offield v. State (Tex. Cr. App.) 75 S.W. (2d) 882, opinion of date October 31, 1934.

It therefore becomes our duty to reverse the judgment and order a dismissal of the prosecution under the present indictment, and it is so ordered.

leged the possession for sale in Jack county of liquor capable of producing intoxication. No further description of the liquor appears in the indictment.

In view of the Constitutional Amendment to section 20, art. 16, adopted in 1933, and the laws enacted thereunder (Acts 43d Leg. Reg. Sess. (1933), c. 116, p. 288 [Vernon's Ann. P. C. art. 694a]), the present indictment charges no offense. The reasons are stated in Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882, opinion of date October 31, 1934.

The motion for rehearing is granted, the opinion of affirmance is withdrawn, and the judgment is reversed and the prosecution ordered dismissed under the present indictment.

## BYRD v. STATE.
### No. 16119.

Court of Criminal Appeals of Texas.
Nov. 14, 1934.

## OLIVER v. STATE.
### No. 16583.

Court of Criminal Appeals of Texas.
Nov. 14, 1934.

J. P. Simpson and J. D. McComb, both of Jacksboro, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

An opinion affirming the judgment of conviction was handed down on May 2, 1934. Pending a motion for rehearing our attention is called to the form of the indictment. The count upon which conviction was obtained al-

Emmet Thornton and A. H. Mount, both of Sulphur Springs, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for unlawfully transporting intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

Appellant is charged by an indictment containing two counts. The first count charges that he "did then and there unlawfully possess for the purpose of sale liquor capable of producing intoxication." In the second count it is charged that he "did then and there unlawfully transport liquor capable of produc-