J. P. Simpson and J. D. McComb, both of Jacksboro, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

An opinion affirming the judgment of conviction was handed down on May 2, 1934. Pending a motion for rehearing our attention is called to the form of the indictment. The count upon which conviction was obtained al-

## BYRD v. STATE.
### No. 16119.

Court of Criminal Appeals of Texas.
Nov. 14, 1934.

Emmet Thornton and A. H. Mount, both of Sulphur Springs, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for unlawfully transporting intoxicating liquor; penalty assessed at confinement in the penitentiary for one year.

Appellant is charged by an indictment containing two counts. The first count charges that he "did then and there unlawfully possess for the purpose of sale liquor capable of producing intoxication." In the second count it is charged that he "did then and there unlawfully transport liquor capable of produc-

ing intoxication." The conviction is based upon the second count.

Due to changes in the Constitution and in the statutory law of the state upon the subject upon which the prosecution is founded, we are constrained to hold that the indictment is inadequate to support the conviction. The reason for this conclusion is set forth in the opinion on motion for rehearing in Bob Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882, delivered October 31, 1934, not yet reported [in State Report]. Other decisions to the same effect are of record. Among them is Bob Hilterbrand v. State (Tex. Cr. App.) 75 S.W.(2d) 884, not yet reported [in State Report].

For the reasons stated, the judgment of the trial court is reversed and the prosecution ordered dismissed.