The judgment is reversed, and the cause remanded.

of October, 1933. On the 17th of October appellant took two bales of cotton to a warehouse in Crosbyton, stored them there, and took the warehouse receipts to Mr. Roy, who kept books for Mr. Shearer, who had charge of the Texas Compress & Warehouse Company at Crosbyton. The cotton stored by appellant at Crosbyton was thereafter identified as the cotton taken from Mr. Shelton at Floydada. The cotton was sold apparently to the Texas Compress & Warehouse Company by appellant. Shortly after the cotton was stored by appellant in said warehouse and sold, the sheriff appeared on the scene looking for said cotton. Appellant learned of that fact and made a very hurried departure, leaving the engine running which he was firing for said Compress Company. Appellant seems to have disappeared from the community, and was not seen there again for a number of months and until after he was arrested. In our opinion, the evidence is sufficient to justify the jury in their belief that appellant was guilty of the theft of the cotton.

The judgment will be affirmed.

## McDANIEL v. STATE.
### No. 17139.

Court of Criminal Appeals of Texas.
Jan. 23, 1935.

E. A. Watson, of Crosbyton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft; punishment, four years in the penitentiary.

The record is here without any bills of exception. We have carefully examined the statement of facts. Two bales of cotton of the value of more than $50 were taken from a cotton yard kept by Mr. Shelton, public weigher, at Floydada, on or about the 16th

## HAVARD v. STATE.
### No. 17153.

Court of Criminal Appeals of Texas.
Jan. 23, 1935.

E. J. Conn, Fairchild & Redditt, and James W. Peavy, all of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for two years.

The phase of the indictment upon which the judgment rests is that charging that appellant, "in the County of Angelina and State of Texas, did then and there unlawfully manufacture intoxicating liquor against the peace and dignity of the State."

The indictment is insufficient to charge an offense. It is subject to the same vice as that discussed in the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882.

The judgment is reversed, and the prosecution ordered dismissed.

MORROW, Presiding Judge.