In Tex. Jur., vol. 5, pp. 819–821, the subject is discussed and precedents cited.

So far as we are able to judge, the record in the present case offends against none of the provisions mentioned for the reason that the relator was admitted to bail. He presents no evidence showing or tending to show that the bail allowed him was excessive.

The relief sought is denied.

## DESPAIN v. STATE.
### No. 17190.

Court of Criminal Appeals of Texas.

Jan. 30, 1935.

Sam H. Townsend, of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, three years in the penitentiary.

This conviction was had upon an indictment charging the possession of intoxicating liquor for the purpose of sale. There is no allegation in regard to whether the territory in which the possession was had was theretofore dry, or that the liquor was spirituous. The indictment is in the same condition as the one held bad in the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882. The indictment will not support the conviction.

The judgment is reversed, and the prosecution is ordered dismissed.