not vitiate same. Atkinson v. State, 34 Tex. Cr. R. 424, 30 S. W. 1064; Runnells v. State, 34 Tex. Cr. R. 431, 30 S. W. 1065.

No error appearing, the judgment will be affirmed.

### KING v. STATE.
### No. 17178.

Court of Criminal Appeals of Texas.
Jan. 23, 1935.

John J. Pichinson, of Corpus Christi, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for assault to rob; punishment, two years in the penitentiary.

The record is devoid of any bills of exception. The facts are in a condition of conflict. The state's testimony, if believed by the jury, unquestionably made out a case of assault with intent to rob. The testimony for the appellant amounted to a denial of the state's case and an effort to prove an alibi. The reconciliation of conflicts in testimony is a matter for the jury. The testimony of the state witnesses, if true, made out a complete case. The use of the word "attempt" in the indictment instead of the word "intent" does

### JACKSON v. STATE.
### No. 17412.

Court of Criminal Appeals of Texas.
Jan. 30, 1935.

J. R. Cornelius, of Sweetwater, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

The count of the indictment upon which the conviction is based is that charging that appellant "did then and there unlawfully possess, for the purpose of sale, liquor capable of producing intoxication."

The indictment is insufficient to charge an offense. The subject is discussed in the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882.

The judgment is reversed, and the prosecution ordered dismissed.