Omitting the formal parts, we quote the indictment as follows: "On or about the 1st day of July A. D. 1933, and anterior to the presentment of this indictment, one Elick Phipps, in the County of Somervell and State of Texas, did then and there unlawfully sell to Mal Hill liquor capable of. producing intoxication."

The indictment is fundamentally defective for the reasons stated in the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882, opinion on motion for rehearing.

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### PHIPPS v. STATE.
No. 17304.

Court of Criminal Appeals of Texas.
Feb. 6, 1935.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of selling liquor capable of producing intoxication, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

### WINGFIELD v. STATE.
No. 17329.

Court of Criminal Appeals of Texas.
Feb. 6, 1935.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for robbery, punishment assessed being confinement in the penitentiary for ten years.

The indictment properly charges the offense. The record is before this court without statement of facts or bills of exception. In this condition nothing is presented for review.

The judgment is affirmed.