CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for two years and six months.

This court is precluded from considering either the statement of facts or bills of exception in view of the fact that they were filed more than ninety days after notice of appeal was given. The motion for new trial was overruled on May 16, 1934, and notice of appeal given on the same date. The statement of facts and bills of exception were filed August 15, 1934, which was 91 days after notice of appeal was given. See article 760, C. C. P., and Stroud v. State (Tex. Cr. App.) 60 S.W.(2d) 439.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

CHRISTIAN, Judge.

The offense is possession for the purpose of sale of malt liquor containing in excess of 1 per cent. of alcohol by volume.

Omitting the formal parts, the count of the indictment under which appellant was convicted charges that appellant "did then and there unlawfully possess for the purpose of sale malt liquors containing in excess of one per cent. of alcohol by volume." Under the holding of this court in Offield v. State, 75 S. W.(2d) 882, the indictment is fundamentally defective.

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## MELTON v. STATE.
### No. 17368.

Court of Criminal Appeals of Texas.
Feb. 27, 1935.

Walter F. Schenck, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

## BROWN v. STATE.
### No. 17421.

Court of Criminal Appeals of Texas.
Feb. 27, 1935.

Glenn Capps, of Mason, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.