Therefore, the judgment of the trial court is reversed, and the cause is remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**PARKS v. STATE.**
**No. 17281.**

Court of Criminal Appeals of Texas.
March 6, 1935.

W. C. Witcher, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for two years and one day.

Omitting the formal part, we quote the count of the indictment under which appel-

lant was convicted, as follows: "Frank Parks on or about the 22nd day of March, A. D. 1934, and anterior to the presentment of this indictment, in the County of Hutchinson, and State of Texas, did then and there unlawfully manufacture intoxicating liquor." The indictment is fundamentally defective for the reasons stated in Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882, 883 from which we quote as follows:

"Reading the constitutional amendment adopted in 1933 and the laws enacted thereunder, in connection with the former laws on the subject, it is plain that: (a) It is an offense to sell, etc., spirituous intoxicating liquor anywhere in Texas; (b) it is an offense to sell, etc., anywhere in Texas vinous or malt intoxicating liquor containing more per cent. than 3.2 per cent. of alcohol by weight; (c) it is an offense to sell, etc., vinous or malt intoxicating liquor containing not more than 3.2 per cent. of alcohol by weight in what for brevity may be designated as 'local option' or 'dry' counties or subdivisions; (d) it is not an offense to sell, etc., vinous or malt intoxicating liquor containing not more than 3.2 per cent. of alcohol by weight anywhere outside of 'local option' or 'dry' territory. 'An indictment is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense.' Article 395, C. C. P. 'The offense must be set forth in plain and intelligible words.' Article 396, subd. 7. An indictment must by direct and positive averments allege the constituent elements of the offense sought to be charged. Stated otherwise, it must appear from the face of the indictment that an offense has been committed if accused is shown by the evidence to have done or omitted to do the things alleged in the indictment.

"The indictment in the present case charges only that in Winkler county appellant had in his possession for the purpose of sale intoxicating liquor. That might be true and yet appellant not be guilty of an offense. If the liquor was vinous or malt but contained not more than 3.2 per cent. of alcohol by weight, it would not be an offense to possess it for sale although it was intoxicating, unless Winkler county was a 'local option' or 'dry' county. Hence, to aid the indictment it must be assumed—which cannot be done— that the intoxicating liquor was spirituous, or that it was vinous or malt which contained more than 3.2 per cent. of alcohol by weight, without averments to that effect; or it must

be assumed that Winkler county was a 'local option' or 'dry' county in the absence of such averment."

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.