new trial in determining that the absent testimony would not produce a different result. See, also, Barfield v. State, 118 Tex. Cr. R. 394, 43 S.W.(2d) 106; Fox v. State, 119 Tex. Cr. R. 552, 43 S.W.(2d) 951; Johnson v. State (Tex. Cr. App.) 78 S.W.(2d) 965.

Appellant's very forceful motion for rehearing has led us to write more at length than we would ordinarily have deemed necessary.

We think our original opinion correctly disposed of the question.

The motion for rehearing is overruled.

### LANGFORD v. STATE.
### No. 17479.

Court of Criminal Appeals of Texas.
March 27, 1935.

Parker & Parker, of Comanche, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for possessing equipment for the manufacture of intoxicating liquor; punishment, one year in the penitentiary.

The indictment in this case contained two counts. The second count alone was submitted to the jury. Said count charges as follows: " * * * Langford did then and there unlawfully possess equipment for the manufacture of liquor, said equipment being then and there capable of producing intoxication." The indictment is manifestly insufficient. It is not enough to say that "said

equipment being then and there capable of producing intoxication." If the indictment had stated that appellant possessed equipment for the manufacture of liquor capable of producing intoxication, this would have been bad under the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882.

For the reasons stated, the judgment will be reversed and the prosecution ordered dismissed.