ton v. State, 107 Tex. Cr. R. 596, 298 S. W. 578; Bergdorf v. State (Tex. Cr. App.) 20 S. W.(2d) 778, and authorities there cited; Sarli v. State, 80 Tex. Cr. R. 161, 189 S. W. 149.

Having reached the conclusion that under the circumstances disclosed by this record the argument of the district attorney was of such prejudicial nature as requires a reversal of this case, the judgment of the trial court is reversed, and the cause is remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

The indictment is insufficient to charge an offense.

The subject is discussed in the case of Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882.

The judgment is reversed, and the prosecution ordered dismissed.

## STEIN v. STATE.
### No. 17505.

Court of Criminal Appeals of Texas.
April 10, 1935.

Heidingsfelder, Wander & Hawkins and Horace Soule, all of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

The count of the indictment upon which the conviction is founded is that charging that appellant "did then and there possess intoxicating liquor for the purpose of sale."